MUDD *v.* ST. FRANCIS DRAINAGE DISTRICT.

Opinion delivered February 8, 1915.

1. IMPROVEMENT DISTRICTS—ACT CREATING—ASSESSMENTS—CONSTITU-
TIONALITY.—An act creating a drainage district is not unconstitu-
tional because it authorizes assessments upon benefits and not upon
the value of the property itself.

2. IMPROVEMENT DISTRICTS—EXTENDED BOUNDIRIES—BENEFITS.—It is
within the power of the Legislature to extend the boundaries of an
improvement district so as to include benefited lands which were
not theretofore included.

3. IMPROVEMENT DISTRICTS—VALIDITY OF ASSESSMENT—COLLATERAL AT-
TACK.—The eligibility of an assessor and other questions looking
to the validity of an assessment of the property in an improvement
district, where the assessor was a *de facto* assessor, can not be
inquired into collaterally.

Appeal from Clay Chancery Court, Eastern District;
*Charles D. Frierson,* Chancellor; affirmed.

*L. Hunter* and *Edward D'Arcy,* for appellant.

1. An assessment which is not based upon the judg-
ment of the assessor is capricious, arbitrary and void.
37 Cyc. 1009, note 28; 2 Pick. (Mass.) 391; 70 Ia. 87; 47
Mich. 282; Welty on Assessments, 235.

2. The acts of the Legislature, upon which the
drainage assessments and taxes in this case are based,
are unconstitutional and void, because not based upon the
value of the property itself. Const. Ark., art. 16, § 5.

3. An assessment based upon the value of the prop-
erty itself, and not upon the benefits of the improvement,
is legal. 77 Ark. 386; 81 Ark. 567; 32 Ark. 31.

4. Act 235 of 1909 is void because by section 7
thereof a large tract of land benefited by the drainage
improvement was arbitrarily excluded from the district.
Act 196 of 1911, § 1; 48 Ark. 370.

*R. H. Dudley,* for appellee.

When a land owner appears and objects to the as-
sessment, and the assessment is confirmed, it becomes
conclusive and can not be questioned collaterally. 81
Ark. 80; 82 Ark. 75.

McCULLOCH, C. J.  Appellant owns land in Clay County, Arkansas, within the boundaries of the St. Francis Drainage District, and this is an action instituted against him and other land owners by the drainage district to enforce payment of assessments levied for constructing the improvement.  The district was created by special act of the General Assembly of 1905, and amended in 1909, and again in 1911.  This suit is to recover the assessment levied for the year 1912.  The statute as last amended provides for the appointment of an assessor in each county, who is a resident of the county and not the owner of lands within the district, and that such assessor, together with the engineer, shall compose the board of assessors for that county.  The act further provides that after the assessments have been made the board of assessors shall meet at the time and place designated in notice for the purpose of hearing complaints of land owners aggrieved by such assessments and for correcting errors therein.  It also provides that any land owner may appeal to the county court within twenty days after the meeting of the assessors for the purpose of equalizing the assessments.  Appellant challenges the constitutionality of the statute creating the district and also the validity of all the proceedings thereunder.

(1)  It is contended that the statute is unconstitutional for the reason that it authorizes assessments upon benefits and not upon the value of the property itself.  We have held in many cases that benefit to the land affected by improvement is the only thing which justifies special assessments, and that the provision of the Constitution with reference to *ad valorem* taxation relates to taxation for general purposes.  Uniformity is required in special assessments for local improvements, but there is nothing in the statutes of this State nor in the Constitution requiring that such assessments shall be based upon the value of the property.  We have upheld assessments based upon value solely upon the theory that such method of assessment constitutes a legislative determination that benefits will accrue in proportion to the value and that

that constitutes, after all, an assessment based upon the value of benefits and not upon the value of the property itself. There is, therefore, no foundation for the argument that the act creating the district is unconstitutional.

(2) It is also contended that the act is void because as originally enacted it omitted lands that were subsequently found to be benefited and included in the district by a later statute. The act of 1911 extended the boundaries so as to include certain lands not theretofore included. The assessment which is the subject of this controversy was levied subsequent to the enactment of the statute of 1911 extending the boundaries of the district, and it would seem that the question of the status of the district before that time is not important. However, this court has held that it is in the power of the Legislature to extend the boundaries of an improvement district so as to include benefited lands which were not theretofore included. *Porter* v. *Waterman,* 77 Ark. 383; *Spillers* v. *Smith,* 85 Ark. 228; *Henderson* v. *Dearing,* 89 Ark. 598.

Counsel rely on the case of *Davis* v. *Gaines,* 48 Ark. 370, as sustaining their contention on this point, but we think the case is not an authority on this point as presented here. The court in that case was dealing with a statute which on its face included certain lands as a part of the territory benefited by the improvement but exempted those lands from taxation for certain years. The court held that the statute was void on its face for that reason. No such situation is presented in the statute now under consideration, for the reason that no property within the prescribed limits is exempted from taxation.

(3) The validity of the assessment is attacked on several grounds; first, that one of the assessors was ineligible for the reason that he owned land in the district; next, that the assessor did not exercise his judgment, but merely adopted the views of the engineer and put the assessment on the wrong basis; and, lastly, that the assessments on the plaintiff's land were excessive. All these attacks upon the validity of the assessment are successfully answered by saying that this is a collateral at-

tack and that such matters can not be inquired into. The act provides for the meeting of the assessors for the purpose of equalizing the assessments and hearing complaints of taxpayers and for an appeal to the county court. Appellant appeared before the assessors and also appealed to the county court and he can not renew the attack collaterally in this proceeding to enforce the payment. He is, in other words, bound by the judgment of the county court upon his appeal. This is true as to the question of ineligibility of the assessor, as well as other points of attack upon the assessment, for the reason that the assessment was made by a *de facto* assessor and the validity of his official acts could not, on the ground of ineligibility, be inquired into collaterally.

We find nothing in the record which would justify us in declaring the statute or the proceedings thereunder void, so the decree of the chancellor is affirmed.