Craig WILLIAMS et al *v.* VILLAGE CREEK, WHITE RIVER AND MAYBERRY LEVEE AND DRAINAGE DISTRICT

84-246                                                    685 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered March 11, 1985
[Rehearing denied April 15, 1985.]

*Thaxton & Hout,* by: *Phillip D. Hout,* for appellants.

*Pickens, McLarty & Watson; Boyce & Boyce;* and *Friday, Eldredge & Clark,* by: *James A. Buttry* and *Robert S. Shafer,* for appellee.

DAVID NEWBERN, Justice. The question presented here is whether a drainage district may add lands, after the improvements have been completed, on the basis that the lands to be added benefit from the improvements. The answer to this question requires interpretation of Ark. Stat. Ann. § 21-514 (Repl. 1968), thus our jurisdiction rests on Arkansas Supreme Court and Court of Appeals Rule 29 1.c.

It is undisputed that the improvements constructed by the district were completed prior to its petition to add to the district lands owned by the appellants and others. There are provisions for adding lands benefited by a district's improvements after completion. Ark. Stat. Ann. §§ 21-534, 21-536 and 21-537 (Repl. 1968). However, they permit annexation only when a "slough, marsh or lake" has benefited by having been connected to drainage ditches or conduits constructed by the district.

The district did not rely on §§ 21-534, 21-536, and 21-537. It has from the outset contended that it could annex the

lands of the appellants pursuant to Ark. Stat. Ann. § 21-514 (Repl. 1968) despite the undisputed fact that the district's improvements had been completed some four years prior to the filing by the district in the circuit court below of its petition seeking to add the new lands.

Section 21-514 provides that if the district's commissioners determine that "lands not embraced within the boundaries of the district will be affected by the proposed improvement" they should report their assessment of the estimated benefits to the court. The lands may be added if it is found they will benefit. The district would have us ignore the word "proposed" in the statutory language, yet it has supplied neither reason nor authority for us to do so.

We need not recite the entire statutory scheme for creation of drainage districts to point out that it makes sense to follow the literal meaning of § 21-514. It is enough to note that it gives owners of the land to be added notice that they are likely to be assessed for the benefit to them of the proposed improvement. It allows them to protest the construction of the improvement before their lands are affected.

In *Bayou Meto Drainage Dist. of Lonoke County* v. *Ingram,* 165 Ark. 318, 264 S.W. 947 (1924), a district was allowed to alter its plan prior to completion of the improvement. The alteration resulted in benefits to lands not theretofore included in the district. We looked to the general legislative purpose of drainage districts and said an improvement would not be deemed to have been completed if it were found to be abortive just prior to finishing the planned construction. The additional construction needed to complete the improvement was allowed, and we said:

> If the statute authorizes the change of plans and extension of boundaries after the approval of the original plans and the assessment of benefits, then it follows that it may be done at any time before the improvement is completed, for there is no other period in the proceedings at which the authority may be limited. [165 Ark. at 326; 264 S.W. at 949]

While the *Bayou Meto* opinion seemed primarily to rely on other sections, although mentioning § 21-514, its theme is obviously consistent with the notion expressed here that landowners whose property is to be assessed to pay for an improvement should have notice and an opportunity to object before the "benefit" is conferred upon them.

The principal case cited by the district is *Mudd* v. *St. Francis Drainage District,* 117 Ark. 30, 173 S.W. 825 (1915). As other cases cited by the district, the *Mudd* case involved a district created by a special legislative act and added to by a further legislative act. The district would have us find this special legislative action to be persuasive toward holding lands benefited may be added to a district where the construction is complete. To the contrary, we find those special legislative Acts have nothing to do with the interpretation of § 21-514 which both parties assert as controlling the outcome of this case.

In permitting the district to proceed with the proposed addition of the land of the appellants and others, the circuit court apparently misinterpreted § 21-514 to allow the addition despite the fact that the improvement was no longer "proposed" but had been completed.

Reversed.