MAYBERRY DRAINAGE DISTRICT OF JACKSON
COUNTY, ARKANSAS *v.* Josephine GRAHAM, et al.

85-292                                        711 S.W.2d 147

Supreme Court of Arkansas
Opinion delivered June 2, 1986
[Rehearing denied July 7, 1986.]

*Pickens, McLarty & Watson,* by: *Tim F. Watson,* for appellant.

*Thaxton & Hout,* by: *Phillip D. Hout,* for appellees.

ROBERT H. DUDLEY, Justice. The appellant drainage district sought to annex additional lands into the district under the authority of Ark. Stat. Ann. § 21-534 (Repl. 1968). It filed a petition for annexation in which it alleged that the construction of improvements had been completed, and that sloughs, marshes, and lakes on appellees' lands were drained as a result of those improvements. The appellees moved to dismiss the petition on the ground that it did not state facts upon which relief could be granted. The trial court granted the motion to dismiss. We affirm.

The trial court interpreted the statute at issue, Ark. Stat. Ann. § 21-534 (Repl. 1968), as providing a method for annexing lowlands to a drainage district where the improvements have been completed and where the owners of the lands to be annexed have taken some affirmative action to drain sloughs, marshes, or lakes into the completed improvement. Since the petition did not contain an allegation of affirmative action by the owners of the lands to be annexed, the trial court held that no cause of action had been stated.

The appellant contends that the trial court misconstrued the statute, and that it does not require affirmative action by the owners of the outside lands before annexation can be granted. The contention is without merit. The preamble to the act unequivocally recites that the purpose of the act is to provide equitable relief to drainage districts when owners of lands outside the district dig private ditches to drain their lowlands into the district. It provides:

> WHEREAS, into the ditches of some drainage districts of the State, after the ditches were completed, other lands have been drained *by digging private ditches, thereby draining sloughs, marshes and lakes that could not otherwise be drained,* and

> WHEREAS, in certain instances, sanitary sewer

lines have made use of such drainage ditches to procure an emptying outlet, thereby saving the sanitary sewer district large sums of money, and

WHEREAS, it is right and just that *such lands* as make use of and are benefited by such drainage ditches of any such drainage districts should stand their just portion of the costs of the construction and maintenance of such drainage ditches in proportion to the benefits received:

(Emphasis added).

The statute by its language contemplates some affirmative action by the outside landowner since it refers to annexing lowlands which have been drained into the drainage ditches after completion of the construction, not drained as a result of the construction. The statute is as follows:

Where any slough, marsh or lake *has been drained* into the drainage ditches of any drainage district *which has completed its work of construction,* lands benefited by the draining of such slough, marsh or lake may be added to such drainage district in the manner provided by Section 3 of this Act. . . .

(Emphasis added).

Twice before we have stated the purpose of the statute. In the latest case, *Williams* v. *Village Creek, White River & Mayberry Levee & Drainage District,* 285 Ark. 194, 685 S.W.2d 797 (1985), involving an attempt by the appellant to annex these same lands, we stated:

There are provisions for adding lands benefited by a district's improvements after completion. Ark. Stat. Ann. §§ 21-534, 21-536 and 21-537 (Repl. 1968). However, they permit annexation only when a "slough, marsh or lake" has benefited *by having been connected to drainage ditches* or conduits constructed by the district.

In an earlier case, *Pendleton* v. *Stuttgart & King's Bayou Drainage & Irrigation Dist. No. 1,* 235 Ark. 513, 360 S.W.2d 750 (1962), we stated:

It is perfectly clear from Act 180 of 1927 that the purpose

of Section I [Ark. Stat. Ann. § 21-534] is to prevent owners of sewer lines, sloughs, marshes and lakes, from making use of the drainage district's improvements without just compensation.

Our interpretation of the statute also retains the symmetry of the entire statutory scheme for the creation of drainage districts. Under ordinary circumstances, the landowner must be given notice that he will be assessed for the benefit of the proposed improvement. He then has the opportunity to protest the construction of the proposed improvement before his land is affected. Ark. Stat. Ann. § 21-514 (Repl. 1968); *Williams* v. *Village Creek, White River & Mayberry Levee & Drainage District, supra.* However, the landowner has no right to notice and the opportunity to object to the benefit when he affirmatively takes advantage of the construction by draining his lowlands into a ditch "of any drainage district which has completed its work of construction." Ark. Stat. Ann. § 21-534 (Repl. 1968).

Affirmed.