## HILL v. WOOD. (No. 8134.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 2, 1922. Rehearing Denied Feb. 23, 1922.)

Appeal and error ⬅️449—Court cannot dispose of merits pending appeal from judgment overruling plea of privilege.

Under Rev. St. art. 1903, authorizing a separate appeal from a judgment overruling a plea of privilege, the court, pending disposition of such an appeal, cannot hear and dispose of the cause on its merits.

Appeal from Grimes County Court; R. M. West, Judge.

Action by George S. Wood against T. S. Hill. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. S. Barron, of Bryan, for appellant.

GRAVES, J. The judgment in this cause recites:

"On this, the 11th day of February, A. D. 1921, this cause being regularly called, the plaintiff, Geo. S. Wood, appearing in person and by his attorneys and announced ready for trial, and the defendant, T. S. Hill, appeared by his attorney, W. S. Barron, and thereupon came on to be considered the petition and bond for writ of error filed in said court on the 10th day of February, 1921, by the defendant, T. S. Hill, and the court, having read the same, and fully understanding the same and having heard the argument of both counsel for plaintiff and defendant thereon, is of the opinion that the judgment heretofore entered in said cause overruling the plea of privilege of the defendant, T. S. Hill, is an interlocutory one such as cannot be the basis for a writ of error because the same is not final. It is therefore, ordered, adjudged, and decreed by the court that the filing of said application for writ of error and bond therefor constitute no legal reason why said cause should not be tried on its merits at this time to which ruling of the court the defendant, T. S. Hill, by his attorney in open court duly excepted. Thereupon plaintiff announced ready for trial, and the defendant, though cited, and though being regularly called, failed further to appear, but wholly made default."

The court then proceeded to a trial upon the merits of the cause, and rendered a judgment in favor of the plaintiff and against the defendant pursuant to its findings.

The defendant appeals, assigning as error this action of the court in hearing and disposing of the cause upon its merits, notwithstanding the perfection by him on the day before of his appeal from the decree overruling his plea of privilege, and the fact that such appeal had not been disposed of in the appellate court.

We think the position well taken, and reverse the judgment.

Appellant, under the express provisions of Revised Statutes, art. 1903, had the right to appeal separately from the judgment overruling his plea of privilege, and, that having been done, and no action having been taken above, the trial court in the meantime had no authority to proceed further with the cause. See Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143.

This court, in a cause not now in mind, has heretofore so construed amended article 1903, and, in keeping with what it deemed the spirit and purpose of that enactment, on the 17th day of February, 1921, adopted a general rule providing for the advancement of such appeals upon its docket. Under this view we have also on this day heard and disposed of the appeal from the judgment overruling the plea of privilege, as above mentioned, it being numbered 8127 in this court.

For the reason given, the judgment herein appealed from is reversed, and the cause remanded.

Reversed and remanded.