### McKEAN & McNEAL v. MARTIN.
### (No. 2516.)

(Court of Civil Appeals of Texas. Texarkana. May 18, 1922. Rehearing Denied June 22, 1922.)

**Appeal and error ⬷⟹449—Trial on merits during pendency of appeal from plea of privilege held error.**

Under Rev. St. art. 1903, as amended by Acts 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), providing that, if the judgment on a plea of privilege sustains a plea, an appeal taken therefrom shall suspend the transfer of venue and trial of cause, an appeal from an order overruling plea of privilege suspends trial on the merits, so that judgment by default could not be rendered against appellant.

Hodges, J., dissenting.

Appeal from District Court, Franklin County; R. T. Wilkinson, Judge.

On appellee's motion for rehearing. Motion overruled.

For former opinion, see 241 S. W. 782.

Dial, Nelson, Davidson & Brim, of Sulphur Springs, for appellants.

F. B. Caudle, of Mt. Vernon, and J. M. Burford, of Mt. Pleasant, for appellee.

WILLSON, C. J. In support of his motion appellee cites Allen v. Woodward, 239 S. W. 602, decided by the Supreme Court April 5, 1922, but reported for the first time in the advance sheets of the Southwestern Reporter for May 24, 1922, after this court on the motion of appellants for a rehearing

reversed the judgment of the court below and remanded the cause for a new trial. In the Allen Case the Supreme Court held that the statute (Vernon's Ann. Civ. St. Supp. 1918, art. 1903) authorizing an appeal from a judgment either sustaining or overruling a plea of privilege "suspends a trial, pending determination of the appeal, only in the event the judgment appealed from is one sustaining the plea." It does not appear from the report of the case whether the judgment on the merits in question there was one by default, as here, or not. If it was not such a judgment the ruling made does not necessarily conflict with the one we have made, nor with that made by the Galveston Court of Civil Appeals in Hill v. Wood, 238 S. W. 309, but is in harmony with the ruling of this court in Halliday v. Crews, 237 S. W. 600, that a defendant who participates in a trial on the merits after his plea of privilege has been overruled will be bound by the judgment if it is finally determined that the plea was properly overruled. The question presented in that kind of a case is unlike the one presented where, as here, a defendant, having a right to appeal from an order overruling his plea, does so, and then refuses to submit his person to the jurisdiction of the court by participating in a trial on the merits pending the determination of the question made by his appeal. The effect of an appeal from such an order when the defendant refused to participate in a trial on the merits was, we thought, to suspend further action by the trial court until it was finally determined it had jurisdiction over the person of the defendant. If that is not the effect of the statute, then it seems to us the Legislature did a useless thing when it gave a defendant a right to appeal from an order overruling his plea of privilege; for, if the statute did not have that effect, the right it conferred upon a defendant was not different from one he already possessed, to wit, to have the action of the trial court overruling his plea reviewed on an appeal. In that view of the statute the only change it effected was to provide that the review should be had on an appeal prosecuted from the order instead of on an appeal prosecuted from the judgment on the merits, as was the practice before the statute was enacted. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. We do not think it can be said, reasonably, that the Legislature intended no more than that. The provision in the statute was for the benefit of a defendant sued out of the county of his domicile, and the Legislature must have intended, if the defendant chose to exercise the right it gave him to appeal, that further proceedings in the cause should be stayed until it was determined on the appeal whether the trial court had acquired jurisdiction of his person or not. 3 C. J. § 1371, p. 1259; Wallace v. Adams, 243 S. W. 572, decided by this court May 4, 1922; Bank v. Stelling, 32 S. C. 102, 10 S. E. 766; Ry. Co. v. Earle, 66 S. C. 194, 44 S. E. 781. If it did not mean that, then the statute not only did not confer a benefit on such a defendant, but, unless this court wrongly construed its effect in Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, deprived him of a right he had to such a review on an appeal from a judgment on the merits unless he also appealed from the order overruling his plea of privilege. Moreover, if the statute should be so construed, not only would it authorize the trial court to exercise jurisdiction of the person of a defendant notwithstanding the question as to its power to do so was still an open one, the final determination of which the Legislature thought important enough to the rights of a defendant to protect by conferring upon him a right he never before possessed, to wit, a special right of appeal from the order overruling his plea alone, but it would operate to bring about situations we cannot believe the Legislature intended to exist. For instance, if, exercising such power, the trial court tries the case on its merits pending an appeal from the order, and the trial results in the defendant's favor, what course should the appellate court pursue with reference to the appeal from the order overruling the plea, assuming it knows anything about the trial and its result on the merits? And, if the trial on the merits resulted in the plaintiff's favor, and the defendant, as he did in this case, also prosecuted an appeal from the judgment on the merits, what would be the consequences to the parties if the appellate court, ignorant of the fact that an appeal had been prosecuted from the order, should affirm the judgment on the merits, and then find when the appeal or writ of error (Bennett v. Mfg. Co. [Tex. Civ. App.] 226 S. W. 143) from the order was heard that the trial court should have sustained the plea? Or what would be the consequences, if appeals or writs of error should be prosecuted by the defendant from the order overruling his plea and from the judgment against him on the merits, if one of the appeals or writs should be transferred, as provided by law, to another Court of Civil Appeals than the one to which both were returned, and the judgment on the merits should be affirmed by one of the appellate courts and the judgment overruling the plea of privilege should be reversed by the other, or by the Supreme Court on writ of error granted by it? It is because situations like those indicated, plainly not within the contemplation of the Legislature, may arise if the statute is so construed, and cannot arise if it is construed as this court and the Galveston Court of Civil Appeals have construed it, that we feel justified in assuming, in the absence of anything appearing to the contrary in the report of the Allen Case, that the judgment the Supreme Court was reviewing was not, as here,

one by default. As we think, in that view, the disposition made of this appeal is not in conflict with the ruling in that one, and is not erroneous, the motion is overruled.

HODGES, J. (dissenting). While I do not question the soundness of the reasoning upon which this motion is overruled, I neverthless think the ruling is in conflict with the case of Allen v. Woodward, above referred to, and that the motion for rehearing should be granted.