MISSOURI PACIFIC RAILROAD COMPANY *v.* PARKER.

Opinion delivered December 15, 1924.

1. EVIDENCE—OPINION OF NONEXPERT.—In an action for flooding plaintiff's land with surface water, caused by defendant constructing a large ditch on each side of its track, the opinion of a nonexpert as to whether plaintiff could have avoided or mitigated his damages by cleaning out his own ditches was inadmissible.

2. WATER AND WATERCOURSES—VARIANCE.—In an action against a railroad company for overflow of surface waters by constructing a ditch on each side of its track, evidence that defendant closed culverts above plaintiff's plantation in enlarging the ditches was

properly received as supporting the allegation of the cause of the damages.

3. TRIAL—ABSTRACT INSTRUCTION.—In an action for overflow of plaintiff's land by surface water caused by ditches constructed by defendant, an instruction that defendant could not recover if the overflow was caused by plaintiff's failure to use reasonable care in maintaining, repairing, enlarging or widening his ditches across his land was properly refused where there was no evidence that plaintiff suffered damages from failure to do those things.

4. WATERS AND WATERCOURSES—DUTY OF LANDOWNER TO ENLARGE DITCH.—A landowner is not required to enlarge or widen a ditch on his land in order to carry off surface waters accumulated and thrown in a body on his land.

5. WATERS AND WATERCOURSES—SURFACE WATER.—A railroad company has no right to collect waters in a ditch and to cast it in a body upon plaintiff's land, and an instruction to the contrary was properly refused.

6. WATERS AND WATERCOURSES—INSTRUCTION AS TO DIVERSION OF SURFACE WATER.—In an action against a railroad company for overflow of land by surface water, caused by defendant constructing new ditches, a requested instruction that defendant was not liable for excess water thrown into its ditches by an upper proprietor, was properly modified by adding, "unless defendant opened its ditches to accommodate such water and by doing so accelerated the flow in such volume as to flood" plaintiff's land.

7. WATERS AND WATERCOURSES—LIABILITY OF UPPER PROPRIETOR.—An upper proprietor is liable in damages to a lower proprietor if he gathers the surface water of the dominant estate and casts it in a body upon the servient estate.

8. WATER AND WATERCOURSES—LIMITATION.—Refusal to submit the question whether the overflow complained of was caused by defendant simply cleaning out its ditches, which had been dug more than three years prior to the suit, held erroneous.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; reversed.

*E. B. Kinsworthy* and *B. S. Kinsworthy,* for appellant.

*W. B. Sorrels* and *W. B. Sorrels, Jr.,* for appellee.

HUMPHREYS, J.  Appellee instituted this suit against appellant in the circuit court of Chicot County to recover damages for flooding his lands with surface water alleged to have been gathered together by means of ditches and

thrown in a body upon his cultivated fields. The cause of appellee's damage was alleged in the complaint in the following language:

"That the defendant, some time in the latter part of March, 1921, or about said date, constructed two large ditches, one on each side of its railway, beginning at mile-post on its roadbed number 418.5 and emptying them or ending them near its mile-post 420.20, into the ditch plaintiff had before constructed to drain his land, as aforesaid; that the ditches constructed by the defendant tapped surface water above, consisting of many square miles and of great quantity of water, and by means of these ditches so constructed a great quantity of water was cast in a body upon the lands of the plaintiff, as aforesaid, and that this was the effect of the defendant's ditches so constructed, as aforesaid."

Appellant filed an answer denying the material allegations of the complaint, and, in addition, interposed three separate defenses; first, that in March, 1921, it simply cleaned out two old ditches which it had constructed on each side of its track in 1917 at the request of appellee; second, that the ditches as originally dug were a part of the original construction of its roadbed, and that any damage resulting therefrom was barred by the three years' statute of limitation; and third, that the overflow was caused by excessive rains in the year 1921 and by the failure of appellee to clean out the drainage ditches composing his own drainage system on his plantation.

The cause was submitted to the jury on the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $1,120, from which is this appeal.

The record reflects that, in 1917, appellee purchased a plantation at Norcross, in Chicot County, and ditched same in accordance with specifications and survey of an engineer, for the purpose of draining it. Appellant's railroad ran through appellee's plantation. Trestle or bridge No. 8, in appellant's track, was on appellee's

land. After buying the land, and when appellee constructed his drainage ditches, he requested appellant to dig a ditch on each side of its track, which it did. These two ditches ended at trestle No. 8, and the surface water carried by them emptied under the trestle into appellee's ditch, through his land on the east side of appellant's track. Appellee constructed a ditch through his plantation on the west side of the track, which passed under trestle No. 8, into his own ditch, through his land, on the east side of appellant's track, which ditch carried the surface water into Bayou Macon. The ditches constructed by appellant along its track extended about two and one-half miles above appellee's plantation, and the surface water which gathered in them above said plantation emptied through some five or six culverts, and flowed away before reaching trestle No. 8, on appellee's plantation.

The testimony introduced by appellee tended to show that, in order to take care of the surface water on the Parnell plantation, two and one-half miles above appellee's plantation, appellant enlarged the ditches along its track, and, in doing so, closed the culverts between Parnell's and appellee's plantations, which had the effect of accumulating large quantities of surface water at trestle No. 8, and casting same in a body under the trestle and into appellee's ditch, thereby flooding a large part of his plantation. Appellant objected to the testimony tending to show that it closed the culverts, because it introduced a cause for damage which was not pleaded in his complaint. The court overruled appellant's objection to this testimony, and permitted it to be introduced.

The testimony introduced by appellant tended to show that appellee's lands were flooded in 1921 by excessive rains; that it did not enlarge the ditches in 1921 along its tracks, which were dug in 1917 at the request of appellee; that, in 1921, it simply cleaned the ditches which it had dug in 1917, and, in doing so, did not obstruct

or close up the five or six culverts between appellee's and Parnell's plantations.

Appellant asked appellee, on cross-examination, whether he could not have avoided or mitigated his damages to his crops in 1921 from overflow by cleaning out his own ditches, which question was excluded by the court, over appellant's objection and exception.

Appellant contends for a reversal of the judgment because the court refused to permit it to ask appellee, on cross-examination, whether he could have avoided or mitigated his damages by cleaning out his own ditches. We think not. This question called for an opinion of a non-expert as to how appellee's lands could be drained and the overflow prevented, and was inadmissible. *St. L. S. W. R. Co.* v. *Morris*, 76 Ark. 549.

Appellant also contends for a reversal of the judgment because the court permitted appellee to prove that it closed the culverts above his plantation in enlarging the ditches along its track. The basis of the contention is that the admission of this evidence, over appellant's objection, constituted a variance between the allegation of the cause of damage and the proof. We think if these culverts were closed or obstructed in enlarging the ditches along the track, it was an incident connected with the work, which necessarily increased the flow of the surface water in the ditches and tended to prove the allegation of the cause of damages alleged in the complaint.

Appellant also contends that the court erred in refusing to give its request No. 5, which is as follows:

"The court instructs you that the defendant has no control over any land except its right-of-way, and that it has no right to go onto any of the land mentioned in the plaintiff's complaint, and that, if you believe that plaintiff suffered any damage as alleged in his complaint, and if you believe that this was due to the fact that plaintiff failed to use reasonable care in the main-tenance, repair, enlarging or widening of the ditches across his land, your verdict should be for the defendant."

This instruction was erroneous and properly excluded, because there was no testimony in the record showing that appellee suffered damage by reason of his failure to maintain, repair, enlarge or widen the ditch across his own land. The instruction was also erroneous because the law did not impose any duty upon appellee to enlarge or widen the ditch on his own land in order to carry off surface waters accumulated and thrown in a body upon appellee's land.

Appellant also contends for a reversal of the judgment because the court refused to give his request No. 4. This request, in effect, permitted appellee to collect surface waters in a ditch and cast same in a body upon the land of appellee. This is not the law, and the court was correct in refusing to give the instruction. *Wine* v. *Northern Ry. Co.,* 49 L. R. A. 714.

Appellant contends for a reversal of the judgment because the court refused to give its request No. 11, and in modifying said request and giving it as modified. Appellant's request No. 11, in its original form, is as follows:

"You are instructed that, if you believe that the ditch was dug by the owners of the Parnell land, and this ditch opened up on the railroad right-of-way and discharged large quantities of water into the ditches, the railroad is not responsible for any excess of water thrown into the right-of-way by the ditch across the Parnell land."

In its modified form it is as follows:

"You are instructed that, if you believe that a ditch was dug by the owners of the Parnell land and this ditch opened into the railroad right-of-way and discharged large quantities of water into the ditches, the railroad is not responsible for any excess water thrown into its right-of-way by the ditch across the Parnell farm, unless defendant opened its ditches to accommodate such water, and by doing so accelerated the flow of such volumes as to flood the lands of the plaintiff."

The testimony tended to show that the work done on the ditches was for the purpose of caring for

the surface water on the Parnell plantation. It was proper therefore for the court to amend the instruction in such a way that it would conform to either phase of the proof. An upper proprietor is liable in damages to a lower proprietor if he gathers the surface water of a dominant estate and casts it in a body upon the servient estate. 27 R. C. L., p. 1151, § 79; *St. L. I. M. & S. R. Co.* v. *Magness,* 93 Ark. 53.

Lastly, appellant contends for a reversal of the judgment because the court refused to instruct the jury as follows:

"The court instructs you that, in no event, can you find any amount for any damage that may have been caused by the permanent structure which may have been made by the railroad company three years prior to the bringing of this suit. So the court tells you that, even if you find that the ditches caused damage to plaintiff's crop in 1921, yet, if you believe that these ditches were a part of the permanent roadbed and that they were originally dug more than three years prior to this suit, and that the work that defendant did on them in 1921 was merely a cleaning out or maintenance work, then the court tells you that this cause of action is barred, and your verdict will be for defendant."

This instruction presented the defense and theory of appellant in apt words. The main issue in the case was whether appellant simply cleaned out the old ditches along its track in 1921, which appellee had requested it to dig in 1917, or whether it enlarged the ditches in 1921 for the purpose of gathering additional surface waters from the lands of upper proprietors, and, in doing so, obstructed culverts which had theretofore taken care of a part of the surface water, and cast same in a body upon appellee's lands, thereby causing them to overflow.

Appellant's theory of the case was correctly incorporated in its request No. 9, and the court erred in refusing to give the instruction.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.