LESSER-GOLDMAN COTTON COMPANY *v.* CACHE RIVER DRAINAGE DISTRICT.

Opinion delivered May 23, 1927.

1. DRAINS—AUTHORITY TO EXTEND DITCHES.—Under Crawford & Moses' Dig., § 3630, authorizing a drainage district to extend, widen and deepen its ditches, a drainage district is authorized to lengthen its ditches.

2. DRAINS—JURISDICTION TO ESTABLISH DRAINAGE DISTRICT.—Where lands of a drainage district are in more than one county, a proceeding by the district to authorize lengthening of the outlet ditch must be before the circuit court.

Appeal from Craighead Circuit Court, Jonesboro District; *A. L. Adams,* Special Judge; affirmed.

STATEMENT BY THE COURT.

This appeal challenges the validity of a judgment authorizing the extension of the improvement, a drainage ditch, beyond the limits of the original district without the extension of the boundaries of the district itself, and after the virtual completion of the original improvement for the construction of which the district was created.

The purpose of the petition for extension of the district is expressed in the title thereof as follows:

"In the matter of extending the ditch in Cache River Drainage District of Craighead, Jackson and Lawrence counties, Arkansas, and to levy taxes for the payment of the cost thereof."

The petition was made by the commissioners of the district to the circuit court for the Jonesboro District of Craighead County, stating that the district was duly organized and created under the provisions of act 279 of the General Assembly of Arkansas, approved May 27, 1909, and later acts amendatory of and supplementary thereto, by proceedings before the circuit court for the Jonesboro District of Craighead County, the lands affected lying in more than one county, the greater portion thereof being situated in Craighead.

It is alleged further:

"(3). The commissioners of said drainage district find that the existing outlet for the drainage improvement heretofore constructed by said district, although not entirely completed, has been and will be entirely inadequate; that, under existing conditions and upon the final completion of the improvement as originally planned under plans actually filed of record, the lands in the lower part of the said drainage district are not and will not be reclaimed and are not and will not be properly and adequately drained as was contemplated, understood and intended by the commissioners of the district at the time that the assessment of benefits was made in the said district. That said assessment of benefits was made under the belief that all of the lands situate in the district and within the same distance of the drainage improvement would be equally reclaimed and benefited by the proposed improvement. In order to afford to the lands in the lower part of said district the same degree of benefit and protection as is afforded to lands in the upper part of the district, it will be necessary to extend the ditch for a distance of two miles below the present terminus thereof; that Jas. R. Rhyne, engi-

neer of said district, has made a report in writing to the commissioners of said district on the proposed extension, describing the extension of said ditch, stating the necessity thereof, and estimating the cost thereof to be $50,000. A true copy of said report, marked Exhibit A, is attached to this petition and is asked to be considered as part hereof to the same extent as if fully copied herein.''

Prayed that the court fix a date for the hearing of the petition and hold a special session for the purpose of acting upon it; that notice be given of the filing of the petition by two weeks' publication in a newspaper in each of the counties embraced in the district, in accordance with § 3630 of C. & M. Digest of the Statutes of Arkansas. That, upon the hearing, "the court direct the levy of such additional taxes as may be required to complete and construct the proposed extension of said ditch in said drainage district for the purpose of affording an adequate outlet for the drainage system and to perfect the system of improvements.''

The petition was verified by the commissioners, and a report of the engineer of the district was attached as an exhibit thereto. This report recites that it was suggested in his original report that it was possible it might have to extend the main ditch, in order to secure an adequate outlet into Poinsett and Jackson counties for some distance, and that means should be taken to secure the cooperation of the landowners therein. That the plans for the original ditch were finally prepared for the Cache River Drainage District to end their ditches in a small channel of Cache River, on the presumption that the proposed district in Jackson and Poinsett counties would provide an outlet. One of the ditches was excavated to within 50 feet of the old channel of Cache River, and the other to within approximately 100 feet thereof.

The report stated further that the condition in the south end of the district, since the construction of the ditches, had shown certainly the necessity for an outlet beyond its boundaries in the other counties, as suggested, and also the dimensions of the extension to the

district necessary to bring the anticipated benefits to the lands in the south end thereof.

A special term of court was ordered for the hearing of the petition and notices were published in the counties of the day set therefor. On the 23d day of October, 1926, the date fixed, the petition was filed, and the cause continued to the 27th, at which time appellants' responses were filed, admitting the creation of the district, the amount of benefits assessed and bonds issued, the filing of the engineer's report showing the necessity for and the estimated cost of the proposed extension of the ditches, and denying that an additional tax levy should be made upon the lands therein and additional bonds sold for the purpose, for the reason that the original improvements had been completed in accordance with the plans therefor at an expenditure of a sum considerably greater than the estimated cost thereof, and that the commissioners were without power to alter the original plans after the completion of the work; alleged that the proposed extension could not be made without an alteration of the original plans by the extension of the district for two and one-half miles through Poinsett County and a short distance through Jackson County, "all of which will be through lands that are on the outside of the lands of this district. That the land through which the ditches will be extended would be greatly benefited and enhanced in value at the expense of the land within the district and without cost to the lands lying outside of the district, and which would receive a greater part of the benefit. That said lands cannot be embraced in the present district without the formation of a new district or a subdistrict, and only by an extension of the boundaries and lines of the present district, so as to include all of the said lands that will be so benefited in the counties of Poinsett and Jackson. That, on account thereof, this proposed extension of the ditches is illegal and void, and in violation of the statutes, and beyond the power of the commissioners of this district to assess lands therein for the payment of said extension of the proposed ditches for the improve-

ment of lands lying entirely outside of the district, and that the owners of property within the district would have the entire cost of the said improvement to pay, and that an assessment for the purpose would constitute a tax of their property without due process of law, and in violation of the Constitution of the State of Arkansas and of the Constitution of the United States. An assessment upon the lands in the district would, in fact, amount to a charge against said lands and the taxpayers or owners thereof in order to benefit lands lying wholly without the district, although it might be found that a few tracts of land in said district would be benefited.'' Further, that the right-of-way would have to be procured through lands beyond the boundaries of the district by taxation of lands therein, that all the lands were assessed on equalized · assessments now, being in accordance with the benefits received, and the proposed extension was only intended to benefit certain lands within the south end of the district, and taxes levied therefor would be a discrimination against all the other lands in the district; denied the necessity for any additional levy, and alleged that the taxes already levied were sufficient to meet all the reasonable needs of the district and to pay for the improvements as originally planned and completed, and that the proposed new improvement was outside of the district and an addition to the original plans and specifications already completed and finished.

The court granted the petition, approved the report of the engineer showing the location, specifications and dimensions of the extensions, directed the commissioners to have the extension made, made an assessment against the property within the drainage district, divided it into installments, specifying the amount thereof to be paid in annual installments, authorizing the issuance of $50,000 in bonds additional, same to be secured by pledge of the revenue of the district, etc.

The interveners, praying that the commissioners be authorized to make the extension, were made parties, and from the judgment respondents bring this appeal.

*Basil Baker* and *H. L. Ponder,* for appellant.

*Horace Sloan,* for appellee.

KIRBY, J., (after stating the facts). Appellants only insist here that no authority is granted by § 3630 of C. & M. Digest to extend the ditches or improvement, the same having been completed, and that the court could not authorize it done under the provisions of § 3625 of the statutes, which only permit alteration of the plans for the ditches or drains before the completion of the project; and that no authority is given by law for an issuance of bonds or levying taxes upon assessment of benefits already made, the law not authorizing the further issuance of bonds to make new or additional improvements.

Section 3630 of C. & M. Digest provides as follows:

"The district shall not cease to exist upon the completion of its drainage system, but shall continue to exist for the purpose of preserving the same, of keeping the ditches clear from obstructions, and of extending, widening or deepening the ditches from time to time as it may be found advantageous to the district; to this end the commissioners may, from time to time, apply to the county court for the levying of additional taxes. Upon the filing of such petitions notices shall be published by the clerk for two weeks in a newspaper published in each of the counties in which the district embraces lands, and any property owner seeking to resist such additional levy may appear at the next regular term of the county court and urge his objections thereto, and either such property owners or the commissioners may appeal from the finding of the county court."

This section declares that the district shall not cease to exist upon completion of its drainage system, "but shall continue to exist for the purpose of preserving the same, of keeping the ditches clear from obstructions and of extending, widening or deepening the ditches from time to time as it may be found advantageous to the district." * * *

This does not preserve the district for any purpose other than expressly declared, and does not authorize the district to make a new or different improvement therein not in the nature of extending, widening or deepening the ditches already constructed, after the completion of the first one, as held in *Indian Bayou Drainage District* v. *Walt,* 154 Ark. 335, 243 S. W. 575.

In *Bayou Meto Drainage District* v. *Ingram,* 165 Ark. 318, 264 S. W. 947, the court held that the plans of the improvement could be altered before the project had been completed, as originally planned, allowing the extension of the boundaries of the district to include additional lands, which would necessarily be benefited by the extension of the main ditch, saying, relative to the completion thereof:

"The statute clearly takes cognizance that a drainage scheme is ineffectual and incomplete unless the water is completely gathered up and an outlet provided for carrying it entirely away. In other words, the statute contemplates that a drainage ditch does not drain unless the water is taken care of and entirely carried away. So there is a clearly expressed purpose on the part of the lawmakers to authorize everything that is necessary to get the water off the land and into an outlet which will carrry it somewhere into the open channel of a stream." * * *

Appellants contend that the case of *Clay* v. *England,* 172 Ark. 373, 288 S. W. 895, is in point, and holds conclusively that § 3630, C. & M. Digest, does not authorize the extension of the ditches herein. It was only held there, however, that the new canal, proposed to be constructed to furnish an adequate outlet, being no part of the original plans of the district, as approved or revised, could not be authorized constructed under the statute, the plans having been fully completed.

Authority is expressly given by said section of the statutes for the purpose of preserving the drainage system, keeping the ditches clear from obstructions and "of extending, widening or deepening the ditches from time

to time as it may be found advantageous to the district.''
Giving these words of the statute their plain and obvious
meaning, it is manifest that the Legislature intended that
the district should have the authority for extending, wid-
ening or deepening the ditches ''as it may be found advan-
tageous to the district'' to do. Extending can mean noth-
ing else, in the connection used, but lengthening, since
authority is also given for widening and deepening the
ditches already made.

It is not contemplated here that a new or different
canal or ditch shall be constructed, but only that the main
ditches shall be extended or lengthened to reach or ter-
minate in an adequate outlet which was in contemplation
at the time of the adoption of the original plans as sug-
gested in the engineer's report. In fact, the project has
never been more than substantially completed, since the
one ditch lacks about 50 feet and the other about 100 feet
of being carried into the small channel of the river. It
was substantially completed, however, since the construc-
tion was stopped at this point and the water carried by
wearing its way into the channel of the river.

When the construction was stopped, the necessity for
an adequate outlet was more apparent, and it was con-
templated that another district might be formed, join-
ing the one in operation, for extending the improvement
on to an adequate outlet in the open lake. This was not
accomplished, and, even though the original plans may be
regarded completed and the improvement constructed,
preventing the change or alteration of the plans, neverthe-
less, under the provisions of the statute authorizing the
''extending, widening or deepening the ditches,'' power
is given and authority conferred to lengthen or extend
the ditches into an adequate outlet, as held by the lower
court.

There is no conflict between this holding and any
heretofore made in the construction of these statutes.

The court below found that the lands through which
the extension would be constructed would not be bene-
fited, and they could not, of course, be required to be

included in the district. The statute expressly authorizes the district, where necessity requires it, to obtain a proper outlet for the drainage system, to construct ditches on lands beyond the limits of the district and outside the jurisdiction of the county court. Section 3629, C. & M. Digest.

The lands of the district being in more than one county, the proceeding must necessarily be before the circuit court, as the statute provides, which procedure was followed in this cause.

The judgment and orders of the lower court authorizing the procuring of the right-of-way for the extension of the improvement or outlet and the assessment of benefits and issuance of bonds for the completion thereof are correct and in all things affirmed.