BEAVER BAYOU DRAINAGE DISTRICT *v.* LEE-PHILLIPS
DRAINAGE DISTRICT.

4-9973                                         254 S. W. 2d 465

Opinion delivered February 2, 1953.

*David Solomon, Jr.,* and *Burke, Moore & Burke,* for appellant.

*Daggett & Daggett,* for appellee.

GEORGE ROSE SMITH, J.   This is a petition filed in the circuit court by the appellee, Lee-Phillips Drainage District, asking authority to levy an annual tax for the purpose of cleaning out, deepening, and widening the district's drainage ditches.   Ark. Stats. 1947, § 21-533.   Included in the ditches to be rehabilitated is a portion of Lick Creek, which flows southward across the district's southern boundary.   The petition is resisted by Beaver Bayou Drainage District, which lies just south of the petitioning district, and by the other appellants, who own land within the petitioning district, near its southern boundary.   None of the appellants question the need for

renovating the Lee-Phillips drainage system, but they insist that the project should not be approved unless provision is also made for cleaning out the rest of Lick Creek, which flows for about five miles within the Beaver Bayou District before emptying into Big Creek. The circuit court rejected the appellants' protests and authorized the levy of taxes and the issuance of bonds, there being sufficient uncollected benefits to service the proposed bond issue. *Cox* v. *Drainage Dist. No. 27, etc.,* 208 Ark. 755, 187 S. W. 2d 887.

That the present controversy has arisen is due to the fact that the Lee-Phillips District discharges its waters into the drainage system of the Beaver Bayou District and to the circumstance that both systems need to be unclogged. Beaver Bayou, the older of the two districts, utilizes Lick Creek as a part of its drainage system. When Lee-Phillips completed its own drainage system in about 1919 the sole outlet for its waters was, and still is, Lick Creek. The record does not disclose just what arrangement was made between the two districts when Lee-Phillips first began discharging its waters into Lick Creek.

The appellants' proof, which is not contradicted, shows what will happen if Lee-Phillips is permitted to clean out its own ditches without at the same time removing obstructions in the lower reaches of Lick Creek. The work which Lee-Phillips proposes to do within its own boundaries will accelerate the southward flow of flood water within the district. When this mass of water reaches the southern border of Lee-Phillips its volume will be too great to be carried away by Lick Creek in its present clogged condition. Consequently the flood will spread out over the northern part of the Beaver Bayou District and will also back up for about a mile at the lower end of the Lee-Phillips District. Beaver Bayou says that it owns about 1,000 acres that will be so inundated, and the other appellants show that their property at the southern end of Lee-Phillips will also be flooded. Beaver Bayou and the appealing landowners have joined forces in insisting that Lee-Phillips should not be per-

mitted to clean out its own drainage system without at least contributing to the cost of similar work along the southern five miles of Lick Creek.

Before reaching the merits we mention a preliminary contention made by the appellants. The commissioners of Lee-Phillips published the statutory notice (Ark. Stats., § 21-533) that a hearing on the petition would be held on August 4, 1952, but the judgment recites that on that day the matter was recessed until August 15, when the case was actually heard. It is now contended that the notice is jurisdictional and should have been republished. We have held, however, that a hearing upon an original assessment of benefits may be continued to a fixed date, *Village Creek Dr. Dist., etc., v. Ivie,* 168 Ark. 523, 271 S. W. 4, and the same principle permits what was done below.

On the merits we consider first the arguments presented by the appellant landowners. Although we have recognized that a drainage district in proceeding under this maintenance statute may incur a liability for damages, *Gray* v. *Doyle,* 167 Ark. 495, 269 S. W. 579, these appellants have not elected to assert a claim for damages, for they disclaim any desire to prevent the rehabilitation of the Lee-Phillips drainage system. Instead, they insist that the district should be required either to reassess the benefits against their lands or to clean out Lick Creek down to its confluence with Big Creek. As to the suggested reassessment of benefits it may well be true that the commissioners of Lee-Phillips might have chosen that course, as has been done in an analogous situation. *Drainage Dist. No. 18, etc.,* v. *McMeen,* 183 Ark. 984, 39 S. W. 2d 713. It may equally well be true that the power to unclog a channel beyond the district's borders is included in the broader authority to "extend" the ditches, which may involve the digging of an entirely new channel. Ark. Stats., § 21-533; *Lesser-Goldman Cotton Co.* v. *Cache River Dr. Dist.,* 174 Ark. 160, 294 S. W. 711. But the decision to pursue either of those courses is evidently a matter that lies within the discretion of the Lee-Phillips commissioners. We find nothing

in the drainage laws that empowers the circuit court to control the commissioners' discretion. Hence the trial court properly refused to grant the specific relief sought, and there was no proof of the landowners' damages in terms of money, even if that remedy had been asked.

With respect to the other appellant, Beaver Bayou Drainage District, the court below correctly held that he did not have jurisdiction of the controversy. This is a special proceeding in which the court is simply asked to approve the levy of a tax. Ordinarily the petition is filed in the county court and contemplates the adjudication of possible disputes between the petitioning district and its landowners. It happens that the petition is correctly filed in the circuit court when, as here, the petitioning district embraces land in more than one county, Ark. Stats., § 21-501, but the statute does not indicate that the suit is any less a special proceeding in the circuit court than it would be in the county court if a district lying within only one county were involved.

We do not regard the controversy between the two districts as falling within the scope of this special proceeding. Under the drainage law the jurisdiction of the county court (and of the circuit court when an inter-county district is concerned) is ordinarily limited to matters involving the internal affairs of the district. The county court can, for example, organize the district in the first instance (§ 21-501), appoint the commissioners (§ 21-505), review the assessment of benefits and the award of damages upon complaint of any owner of real property "within the district" (§ 21-515), approve changes in the plans (§ 21-517), and exercise other specified supervision over the district's affairs. But the statute does not confer upon the county court general jurisdiction of all cases to which a drainage district may be a party.

Here Beaver Bayou is manifestly not proceeding under § 21-515, since it neither owns land within Lee-Phillips nor seeks damages for the threatened injury. Beaver Bayou's only objective is to compel Lee-Phillips to share the expense of cleaning out that portion of Lick

Creek that lies within the Beaver Bayou District. Beaver Bayou may perhaps have a remedy without litigation if it made a supplemental assessment of benefits under § 21-531 when Lee-Phillips first utilized its neighbor's drainage system as an outlet. And if Beaver Bayou failed to assert its rights under that statute then the question of whether it can nevertheless require Lee-Phillips to bear part of the cost of maintenance within Beaver Bayou's own boundaries is one to be raised in a plenary suit brought in a court of superior jurisdiction. We find nothing in the drainage law to indicate that the legislature meant for such an independent cause of action to be litigated in this special proceeding. Hence the court correctly dismissed Beaver Bayou's intervention, this action being in the circumstances without prejudice.

Affirmed.

GRIFFIN SMITH, C. J., not participating.