LEE-PHILLIPS DRAINAGE DISTRICT *v.*
BEAVER BAYOU DRAINAGE DISTRICT.

5-904                                        289 S. W. 2d 192

Opinion delivered March 26, 1956.

[Rehearing denied April 30, 1956.]

*Daggett & Daggett,* for appellant.

*Charles B. Roscopf* and *Burke, Moore & Burke,* for appellee.

LEE SEAMSTER, Chief Justice. On June 9, 1953, the Commissioners of the Beaver Bayou Drainage District filed the instant suit against the Lee-Phillips Drainage

District in the Phillips Chancery Court. The petition asked that Lee-Phillips Drainage District be enjoined from pursuing a plan of improving its drainage district until and unless Lick Creek Canal of the Beaver Bayou Drainage District is cleaned out, widened and deepened; that Lee-Phillips Drainage District should share in the cost of cleaning said canal in proportion to the number of acres drained in each district, or in the alternative, by mandatory injunction the Commissioners of Lee-Phillips Drainage District be directed to take the necessary steps to have the lands in the Lick Creek Canal area of Beaver Bayou Drainage District annexed and made a part of the Lee-Phillips Drainage District.

In order to facilitate an understanding of the issues, we will set out a brief history of the two drainage districts, as disclosed by the record.

The Beaver Bayou Drainage District was created by Act 92 of the Acts of 1907. One of its canals is what is known as Lick Creek Canal, extending from a point where the same intersects the southern boundary of the Lee-Phillips Drainage District to its terminus or outlet into Big Creek, a distance of approximately five and three-fourths miles. The area embraced within Beaver Bayou Drainage District is approximately 50,000 acres — all in Phillips County, Arkansas. Of the total acreage, only approximately 3,500 acres drain into Lick Creek Canal.

The Lee-Phillips Drainage District was subsequently organized and created in 1917 under the General Drainage Laws of this State. This District was organized by proceedings in the Circuit Court of Phillips County, as it embraced lands in more than one county. 46,500 acres of land are embraced in the Lee-Phillips Drainage District — all of which acreage drains into the Lick Creek Canal in the Beaver Bayou Drainage District.

Lick Creek Canal has a total mileage of twenty miles — five and three-fourths miles are situated in the Beaver Bayou Drainage District and approximately fourteen and one-half miles in the Lee-Phillips Drainage Dis-

trict, with laterals added there is a total of 29.90 miles to be improved in Lee-Phillips Drainage District. The source of Lick Creek is about three miles south of Marianna, Arkansas, and runs in a southerly or southeasterly direction through Lee and Phillips Counties to a point where the same crosses State Highway No. 20, between West Helena and Barton, Arkansas. At this point it turns southerly and southwestwardly and finally runs into Big Creek in Phillips County, Arkansas. The Lick Creek Canal has a fall of about three and one-fourth feet per mile in the Lee-Phillips Drainage District and that portion in the Beaver Bayou Drainage District has a fall of about two feet per mile.

During the year 1910 the appellee district constructed an artificial canal, straightening out that part of Lick Creek that was within its boundaries. In 1917 the appellant district was created and during the years 1921 and 1922 work was done for the purpose of straightening Lick Creek and improving the drainage within its confines. To have an outlet for its surface waters, it became necessary to use the Lick Creek Canal in the appellee's district.

On June 17, 1952, the appellant district filed a petition in Phillips Circuit Court, under the maintenance statute (Ark. Stats. § 21-533) seeking an order levying a tax to defray the costs of cleaning out and rehabilitating its ditches. The appellee district intervened asking substantially the same relief here prayed for and the trial court dismissed the intervention for want of jurisdiction and granted the petition. On appeal, this court affirmed the decision of the trial court, stating that appellee district would have to institute a plenary suit in a court of competent jurisdiction. (*Beaver Bayou Drainage Dist.* v. *Lee-Phillips Drainage Dist.*, 221 Ark. 550, 254 S. W. 2d 465).

Upon trial of the instant suit, the trial court rendered a decree enjoining the appellant district from proceeding with its proposed improvement or any part or portion thereof unless and until it pays ninety-three per cent (93%) of the cost of cleaning out the five and three-

fourths miles of Lick Creek located in appellee's district. This appeal follows.

For reversal, the appellant cites the following points: (1) That the action is barred by the statute of limitations; (2) that appellant has acquired by purchase as well as by prescription a permanent easement to discharge the waters of Lee-Phillips Drainage District into said Lick Creek Canal of Beaver Bayou Drainage District; (3) that the Lee-Phillips Drainage District as well as the Lick Creek Canal of Beaver Bayou Drainage District is a natural waterway; that there is no diversion of water into said canal by Lee-Phillips and that the right exists as a matter of law for Lee-Phillips to empty into said canal; and, (4) that the injunction of the trial court prevents it from doing any maintenance work whatever although that obligation and right is bestowed on it by Ark. Stats. § 21-407.

Lick Creek served as the natural drain for all the property located in the Lee-Phillips Drainage District. By improving its district some thirty years ago, the appellant caused the surface waters to be drained into the north portion of the Lick Creek Canal, which Canal had been previously constructed by the Beaver Bayou Drainage District to protect its lands from an overflowage of water. The appellant as consideration for the connection of its drainage ditch with the north portion of the Lick Creek Canal located in appellee drainage district, dredged about one mile of the canal and cleaned out the growing timber in the remainder of said ditch, to a point of the natural outlet in Big Creek. This action was taken to compensate for the increased flow of water from the Lee-Phillips Drainage District, occasioned by the improvement of the natural drain. The appellant had the right to perform this work to provide an outlet for the surface waters. *Lesser-Goldman Cotton Company* v. *Cache River Drainage District*, 174 Ark. 160, 294 S. W. 711.

The Statute of Limitations is not applicable to the facts in the instant case. The appellant has a right to

continue the connection of the drainage districts, which connection has existed for a period of thirty years. However, we feel that this right should be limited by the provisions that are hereafter set out.

It is the contention of the appellant that Lick Creek is the natural drain of all its district and its improvement by straightening and ditching Lick Creek does not change it from a natural drain to an artificial drain. Citing the case of *Boone* v. *Wilson,* 125 Ark. 364, 188 S. W. 1160. Appellant contends further that since Lick Creek is a natural drain, its right to use the creek for drainage purposes is unrestricted. Citing, *Board of Drainage Commissioners of Drainage District No. 10 of Bolivar County, et al.* v. *Board of Drainage Commissioners of Washington County, et al.,* 130 Miss. 764; 95 So. 75; 28 A. L. R. 1280.

The general rule of law relied upon by the appellant, to the effect that a riparian owner or owners have the right to drain their surface waters into a natural watercourse, has many qualifications and exceptions. This court has followed the general rule of law which limits and restricts the rights of a dominant owner to cast his surface waters upon the owner of servient lands. In the draining of one's land of surface water it is not permissible to direct the flow of the water upon the adjoining lands, or to increase the volume of the flow by the construction of a drain or ditch. See *Missouri Pacific R. Co.* v. *Parker,* 167 Ark. 42, 266 S. W. 959; *Leader* v. *Mathews,* 192 Ark. 1049, 95 S. W. 2d 1138.

The purpose for which the appellant and appellee drainage districts were created is basically of a public nature. The design is for the benefit, not the injury, to land owners in the respective drainage districts. The upper district has the right to allow the natural flow of waters from its lands to follow the natural drain into the lower district, without obstruction. The lower district has the burden of protecting its land owners from this natural flow of water, without damage to the land owners in the upper district. However, the upper dis-

trict, the appellant, should be required to furnish the additional facilities to dispose of the extra flow of water into the appellee district, that would be caused by the proposed improvement.

We find that the trial court erred in its method of arriving at the respective cost to the parties on an acreage basis. The result under this method would require the appellant district to pay 93% of the cost of cleaning out the five and three-fourths miles of Lick Creek located in the appellee drainage district. The appellee district should be responsible for the costs of providing drainage for the natural flow of water through the Lick Creek Canal and the appellant district should be responsible for the costs that would be necessary for providing additional drainage for the extra flow of water through the canal that would be caused by the proposed improvement of its drainage district.

The trial court will permit the parties to take additional evidence so that the cost to the parties may be pro-rated in accordance with the provisions set out in this opinion.

Reversed and remanded for further proceedings.