MILES v. DEISCH.

5-1490

310 S. W. 2d 505

Opinion delivered March 3, 1958.

*Daggett & Daggett* by *W. H. Daggett,* for appellant.

*Charles B. Roscopf,* and *Burke, Moore & Burke* by *J. G. Burke,* for appellee.

ED. F. MCFADDIN, Associate Justice. This appeal is a continuation of the litigation between the Lee-Phillips Drainage District and the Beaver Bayou Drainage District, and is the third appearance of these Districts in the present controversy.

In *Beaver Bayou Drainage District* v. *Lee-Phillips Drainage District,* 221 Ark. 550, 254 S. W. 2d 465, we held that there would have to be a plenary suit between the two Districts to determine the proportion of the amounts to be paid by each District for the cleaning out of Lick Creek. The plenary suit was filed; a decree was rendered; and we found it necessary to reverse the decree in *Lee-Phillips Drainage District* v. *Beaver Bayou Drain-*

*age District,* 226 Ark. 105, 289 S. W. 2d 192. All the background information of the litigation is contained in the opinion[1] written by Chief Justice LEE SEAMSTER.

When the case went back to the Chancery Court on remand the Commissioners of the two Districts (Lee-Phillips and Beaver Bayou) had a private meeting to try to settle the differences in the absence of their attorneys. An agreement (copied *in extenso* in the decree of June 18, 1957) was drawn by one of the Commissioners and signed by all of the Commissioners of both Districts; and they hoped that their litigation had ended. But when the attorneys studied the agreement, they found certain liabilities and rights thought to be undefined. Thereupon, the Chancery Court was again asked to pass on the rights and liabilities of the two Districts; and the following decree was entered:

"On this 18th day of June, 1957, this cause coming on to be heard on the Mandate of the Supreme Court of Arkansas, heretofore filed on the 8th day of May, 1956, plaintiffs appearing by their Attorneys, Burke, Moore and Burke and C. B. Roscopf, and the defendants appearing by their Attorneys, Daggett & Daggett, and this cause is submitted to the Court upon the Mandate, the Contract entered into by and between the Commissioners of the two Districts, dated December 18, 1956, and the testimony taken in open court of Lonn Mann, J. W. Yancey and E. G. Miles for and in behalf of the defendants, and the testimony taken in open court of George Brandon and Sam Scott for and in behalf of the plaintiffs, and the Court being well and sufficiently advised as

---

[1] The opinion concluded with the following paragraphs: "We find that the trial court erred in its method of arriving at the respective cost to the parties on an acreage basis. The result under this method would require the appellant district to pay 93% of the cost of cleaning out the five and three-fourths miles of Lick Creek located in the appellee drainage district. The appellee district should be responsible for the costs of providing drainage for the natural flow of water through the Lick Creek Canal and the appellant district should be responsible for the costs that would be necessary for providing additional drainage for the extra flow of water through the canal that would be caused by the proposed improvement of its drainage district. The trial court will permit the parties to take additional evidence so that the cost to the parties may be pro-rated in accordance with the provisions set out in this opinion."

to all matters of law and fact arising herein, does hereby Decree:

"1. That the injunction heretofore issued by this Court by Decree entered on the 27th day of September, 1955, be and the same is hereby dissolved.

"2. That since the issuance of the Mandate by the Supreme Court of the State of Arkansas, the Commissioners of the two Districts, in order to solve their problems and to avoid further litigation, did on the 18th day of December, 1956, enter into a written Contract, which is in the words and figures as follows, to-wit:

## " 'AGREEMENT

" 'We, the members of the Beaver Bayou Drainage District and the Lee-Phillips Drainage District Board of Directors have arrived at the following agreement to be reduced to proper form by the Attorneys of the respective Districts.

" 'The Beaver Bayou Drainage District agrees to pay to the Lee-Phillips Drainage District, the taxes on the taxable acreage (approximately 3,200 to 3,500 acres) which drains in to the Lick Creek canals. Such taxes shall be paid by the Treasurer of the Beaver Bayou Drainage District on the taxable acreage drained in the Lick Creek Canal between the first day of October and the first day of November of each year. The amount of this tax to be the same per acre as that levied on lands in the Lee-Phillips Drainage District.

" 'It is expressly agreed and understood that the grubbing or ditching done, be started at the mouth of Lick Creek. This Agreement is entered into not only for the present clean-out or ditching, but is to continue in effect in the future for maintenance purposes or any improvements. As the taxes are increased or decreased in the Lee-Phillips Drainage District, they will be likewise increased or decreased in the Beaver Bayou Drainage District.

" 'We, the Directors of the Beaver Bayou Drainage District agree to obtain the right-of-way permits for the grubbing or ditching of that part of Lick Creek which is situated in the Beaver Bayou Drainage District, and the Directors of the Lee-Phillips Drainage District are to obtain their own right-of-way permits for lands in their own District.

" 'In its inception, the idea is to grub the entire canal from the mouth to the upper end, to see if this will grant the necessary drainage. Should this be inadequate, it is understood and agreed that further improvements will be done immediately to alleviate this condition.

" 'Dated at Helena, Arkansas, on this the 18th day of December, 1956.

" 'APPROVED:

LEE-PHILLIPS DRAINAGE DISTRICT
By: /s/ E. G. Miles
By: /s/ Lon Mann
By: /s/ Jas. W. Yancey

APPROVED:

BEAVER BAYOU DRAINAGE DISTRICT
By: /s/ George Brandon
By: /s/ Sam Scott
By: /s/ E. V. Wolfe
By: /s/ H. G. Stephens, Jr.
By: /s/ J. C. Campbell, Jr.'

"3. That the Contract entered into by the Commissioners of the respective Districts supersedes and supplants the Mandate heretofore issued by the Supreme Court of Arkansas.

"4. That the Contract entered into by the Commissioners of the respective Districts, above referred to, shall run for an indefinite period of time and not for the three years hereinafter referred to.

"5. The work to be done under the agreement and this Decree shall be done or contracted for by the Com-

missioners of the Lee-Phillips Drainage District. The main purpose of the agreement is to make it possible to grub out (which means to clean out) the ditches of both Districts, beginning at the mouth of Big Creek and continuing to the upper end of the Lee-Phillips District. If such action grants the necessary drainage, then the Lee-Phillips District shall take steps to maintain and preserve such condition, but if the results prove to be inadequate, further improvements will be done immediately to provide necessary drainage.

"6. There are 3,500 acres of taxable land situated in the Beaver Bayou Drainage District that drain into that portion of Lick Creek canal situated within the Beaver Bayou Drainage District into which the Lee-Phillips Drainage District canal empties. The Lee-Phillips Drainage District has collected an assessment of 3 per cent on the benefits of its District for the year 1956, and has levied a like assessment for the years 1957 and 1958. The Beaver Bayou Drainage District is hereby directed to pay to the Commissioners of Lee-Phillips Drainage District, in consideration of their undertaking and performing the work described in paragraph 5 hereof, thirty cents (30c) per acre for the 3,500 acres drained by its Lick Creek ditch for each of the years 1956, 1957 and 1958, and for such other period of time as may be necessary to provide adequate drainage; provided, however, should the Lee-Phillips Drainage District assessment be raised or lowered from 3 per cent, then the Beaver Bayou Drainage District payment shall be increased or decreased accordingly at the rate of 10c per acre for each 1 per cent increase or decrease in the levy of the Lee-Phillips District. Should the Lee-Phillips District levy no assessment, then no payment shall be due from the Beaver Bayou District for that respective year. The payments to be made by Beaver Bayou Drainage District to the Lee-Phillips Drainage District shall be paid annually on or before November 1st of each year, with the 1956 payment of $1,050.00 to be paid immediately upon the execution of a contract by the Lee-Phillips Drainage District.

"7. The cost of all present and future improvements to afford necessary drainage shall be borne by the respective Districts on the basis above set out.

"8. That the necessary rights-of-way are to be acquired at the expense of the respective Districts.

"9. That this Decree shall be binding upon the present Commissioners of the respective Districts and their successors.

"/s/ FORD SMITH, CHANCELLOR."

The Commissioners of the Lee-Phillips Drainage District (appellants here) gave notice of appeal which says: "Notice is hereby given that . . . defendants above named hereby appeal to the Supreme Court of Arkansas from that portion of the decree . . . that requires defendants to pay for future improvements on the same basis as for the initial clearing-out project."

At the outset we emphasize that the appellants appealed from only that portion of the decree ". . . that requires defendants to pay for future improvements on the same basis as for the initial clearing-out project." Section 3 of Act 555 of 1953 is taken from Federal Rule 73(b), and concerns the notice of appeal. Our Statute says: "The notice of appeal shall specify the parties taking the appeal, and shall designate the judgment, decree, *or part thereof appealed from*[2] . . ." (Italics our own.) In this case, the only portion of the decree from which the appellants appealed is the seventh paragraph of the decree which requires the defendants to pay all future improvements on the same basis as for the initial clearing-out project. We consider only that one point because the notice of appeal was limited to that one point.[3]

---

[2] Two cases involving appeal on a particular point are: *Carter* v. *Powell*, 104 Fed. 2d 428; and *Chlupsa* v. *Posvic*, 113 Fed. 2d 375.

[3] Should we consider any of the other points argued in the briefs, then the appellants would be extremely hard pressed to overcome appellees' motion to dismiss the appeal. The motion is based on a showing that the appellants have accepted some of the benefits of the decree. In their response to the motion to dismiss, the appellants pointed out that the only portion of the decree from which they were appealing was the point that required the defendants to pay for future improvements on the same basis as the initial clearing-out project.

Coming then to the one issue: it will be observed that paragraph numbered 7 of the Chancery decree here involved said: ''The cost of all present and future improvements to afford necessary drainage shall be borne by the respective Districts on the basis above set out.'' Was that provision within the agreement made by the parties? The agreement recites: ''This agreement is entered into not only for the present clean-out or ditching, but is to continue in effect in the future for maintenance purposes or any improvements. As the taxes are increased or decreased in the Lee-Phillips Drainage District, they will be likewise increased or decreased in the Beaver Bayou Drainage District.'' This quoted language from the agreement between the two Districts clearly supports the paragraph No. 7 in the decree made by the Chancery Court, which paragraph reads: ''The cost of all present and future improvements to afford necessary drainage shall be borne by the respective Districts on the basis above set out.''

Finding no error, the decree is affirmed.