Teddy Joel SPELL and his wife *v.*
Sandra Barham SPELL

79-110                          587 S.W. 2d 221

Opinion delivered October 8, 1979
(Division I)

*Honey & Rodgers,* by: *Danny P. Rodgers,* for appellants.

*F. C. Crow* and *James H. Pilkinton, Jr.,* of *Pilkinton & Pilkinton,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant Teddy Spell and the appellee Sandra Spell, natives of Arkansas, were married here in 1961. They moved to Illinois in 1966, where Sandra obtained a divorce in 1973. The decree erroneously recited that the parties jointly owned 150 acres in Arkansas, in which Sandra had "special equities." Teddy actually owned the land, with Sandra having only inchoate dower. The decree did not award Sandra any interest in the land nor direct Tedddy to convey her any interest in it. The decree gave custody of the couple's three children to Sandra, with an allowance of $150 a week for their support. In 1975 the Illinois court entered a supplemental decree reducing to judgment the amounts that had accrued as unpaid child support.

After the divorce Teddy returned to Nevada County, Arkansas, and Sandra moved to Texas with the children. In 1978 Sandra brought this suit (a) to obtain partition of the 150 acres in Nevada County, (b) to register the 1975 Illinois supplemental decree, (c) to obtain judgment for back payments accruing since the supplemental decree, and (d) to obtain a reasonable award for child support in the future. Upon trial the chancellor entered a decree recognizing Sandra's dower interest in the land but deferring partition. The chancellor awarded Sandra a money judgment for the net arrears due upon the 1975 supplemental decree. As to arrears accruing after that, the chancellor modified the Illinois award by entering judgment at the rate of only $70 a week, instead of $150, with credit for payments made by Teddy. For the future the chancellor reduced the child support to $63 a week. Teddy appeals from the chancellor's recognition of Sandra's interest in the land. Sandra cross appeals from the chancellor's modification of the Illinois decree between the date of the Illinios supplemental decree and the date of the trial below.

On direct appeal Teddy must prevail under our holding in *Knighton* v. *Knighton*, 259 Ark. 399, 533 S.W. 2d 215 (1976), citing earlier cases. In *Knighton* we held that under Arkansas law a wife who gets a divorce must press her claim to an interest in her husband's property at that time; she cannot assert it later. There, as here, the wife had obtained an out-of-state divorce without an award of any interest in her husband's land in Arkansas. We held she could not later bring suit here to assert a statutory interest in the land. Otherwise, two or more successive wives might be entitled to assert dower rights in a decedent's property. On direct appeal the decree is reversed and the cause dismissed as it relates to Sandra's dotal or statutory interest in the land.

On cross appeal Teddy first argues that Sandra is not in a position to question the chancellor's modification of the Illinois decree as to installments accruing before the trial, because her notice of cross appeal recites that she appeals from the decree in the following particulars:

"1.   The court should have given full faith and credit to the Illinois decree and ordered defendant to pay the same amount of child support that he was under order in Illinois to pay, that is $50 each week per child.

"2.   The court should have granted plaintiff's prayer [for partition of the land] ."

Teddy argues that the cross appeal is limited to the award of $63 a week for the future, which is all we should consider under our holding in *Miles* v. *Deisch*, 228 Ark. 803, 310 S.W. 2d 505 (1958).

We do not construe the notice of cross appeal so narrowly. The language might refer either to the chancellor's reduction of the award to $70 a week for the future. The complaint allowance of $63 a week for the future. The complaint specifically sought judgment for $150 a week for the period after the Illinois supplemental decree, but only a reasonable sum for the future. Sandra's brief on cross appeal does not question the $63 allowance. Hence we think it fair to interpret the language of the notice of cross appeal to refer to the

chancellor's reduction of the Illinois award to $70 a week. Moreover, Teddy designated the entire record for his direct appeal; so Sandra was not even required to specify the points on which she was cross appealing. See *Linxwiler* v. *El Dorado Sports Center,* 233 Ark. 191, 343 S.W. 2d 411 (1961). In the circumstances Teddy has not been prejudiced by the ambiguity in the notice of cross appeal.

On the merits, the chancellor was in error in modifying the Illinois decree as to payments that had already accrued. We are not concerned with the Illinois court's possible power to make a retroactive modification (a power that does not seem actually to be recognized by the Illinois cases), because neither side invoked Illinois law as required by Ark. Stat. Ann. § 27-2504 (Supp. 1977). *Holley* v. *Holley,* 264 Ark. 35, 568 S.W. 2d 487 (1978). We are therefore governed by Arkansas law, which does not ordinarily permit a retroactive modification of accrued payments. *Riegler* v. *Riegler,* 246 Ark. 434, 438 S.W. 2d 468 (1969); *Sage* v. *Sage,* 219 Ark. 853, 245 S.W. 2d 398 (1952). No exceptional circumstances exist here, such as the mother's refusal to recognize the father's visitation rights. *Sharum* v. *Dodson,* 264 Ark. 57, 568 S.W. 2d 503 (1978). Consequently the chancellor did not have the power to reduce the amount of accrued installments, even though he may not see fit to enforce the decree by contempt proceedings. On cross appeal the decree is reversed and the cause remanded for the entry of a judgment for the net amount due between the date of the Illinois supplemental decree and the date of trial.

Reversed on direct and cross appeal.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.