HOUSE *v.* ROAD IMPROVEMENT DISTRICT No. 4.

Opinion delivered June 12, 1922.

1. STATUTES—AMENDMENT BY REFERENCE TO ANOTHER STATUTE.— Under Const. Ark. 5, § 23, providing that no law shall be amended, or its provisions extended by reference to its title only, but so much as is amended or extended must be reenacted and published at length, *held* that Road Acts 1919, No. 597, as

amended by Acts 1920, No. 462, creating the St. Joe and Witt Springs Road Improvement District of Searcy and Newton counties, is void by reason of adopting provisions of Acts 1915, No. 338, by reference merely, instead of reenacting them at length; also because the latter act, so referred to, makes no provision for improving roads where the lands to be taxed therefor are situated in more than one county.

2. STATUTES—AMENDMENT BY REFERENCE TO ANOTHER STATUTE.— Const. Art. 5, § 23, providing that no law shall be amended or its provisions extended or conferred by its title only, but so much as is revived, amended, extended or conferred shall be reenacted and published at length, does not apply to statutes which are in themselves complete, though they refer to and adopt preexisting statutes.

3. STATUTES—VOID ACT NOT VALIDATED BY SUBSEQUENT ACT.—Where an act creating a road improvement district was void and inoperative, a subsequent act cannot validate assessments for road improvement work made under the original act.

Appeal from Searcy Chancery Court; *Ben F. McMahan,* Chancellor, affirmed.

### STATEMENT OF FACTS.

Walter E. Orthwein brought this suit in equity against Road Improvement District No. 4 of Searcy and Newton Counties to recover the sum of $2,000, the amount of a certificate of indebtedness issued to him by the commissioners of said district for preliminary expenses, and to have the same declared a lien upon all the lands of said district.

The commissioners of the improvement district filed an answer in which they admitted the execution of the certificate of indebtedness, and stated that it was issued for the purpose of defraying the preliminary expenses of said district.

W. F. Cash and other property owners in the district filed an intervention and denied liability in the premises. The case was tried upon an agreed statement of facts substantially as follows: The improvement district in question was created by act No. 597 of the Acts of the General Assembly of the State of Arkansas for the year 1919, and act No. 462 of the Acts of the Special Session

of the same General Assembly in 1920, amendatory thereof.

The commissioners provided for in the act qualified, and for the purpose of defraying the preliminary expenses of said road improvement district borrowed the sum of $2,000 from Edgar J. Hahn and executed and delivered to him the certificate of indebtedness sued on herein for that sum. The certificate recites that said district is indebted to Edgar J. Hahn for money advanced for preliminary expenses in the sum of $2,000 and contains a promise to pay the same on or before the 1st day of January, 1920. The certificate of indebtedness was duly assigned to Walter E. Orthwein. No part of the same has been paid.

On the 2nd day of July, 1920, the chancery court of Searcy County, in a suit wherein W. F. Cash and other property owners were plaintiffs and said improvement district was defendant, entered a decree of record holding said improvement district void and enjoining said commissioners from borrowing money, selling bonds, or doing any other act for the purpose of carrying out the proposed improvement. No appeal was prosecuted from that decree.

During the pendency of the proceedings Walter E. Orthwein died and the cause was revived in the name of J. W. House, Jr., as special administrator of his estate.

The court found that the act under which said district was attempted to be created was void, and entered a decree dismissing the complaint of the plaintiff for want of equity. The case is here on appeal.

*Coleman, Robinson & House,* and *Saye & Saye,* for appellant.

Act No. 597 is an original act, complete in itself, and because it provided that the terms of the Alexander Road Law should govern in the affairs of the district, this was not an attempt to extend the general act by reference to its title only, and does not come within the inhibition of art. 5, sec. 23, Const. See also, 102 Ark. 411; 103 Ark.

299; 125 Ark. 64; 120 Ark. 167; 131 Ark. 59; 131 Ark. 291; 132 Ark. 609; 133 Ark. 380; 134 Ark. 30.

The Legislature can, of course, create a road district which shall include lands in two counties. 130 Ark. 507. By following the accepted practice of adopting a construction which will give effect to a statute if possible, rather than hold it void (25 R. C. L. secs. 242-243 Statutes) and bearing in mind that there is also authority for extending the singular number mentioned in the statute to apply to several persons or things (25 R. C. L. sec. 225, Statutes; Ann. Cas. 1913-C 266) we find ample authority in the Alexander Road Law to make assessments in both counties, and for the collection thereof.

No brief for appellee.

HART, J. (after stating the facts). The Legislature of 1919 passed a special act for the creation of Road Improvement District No. 4 of Searcy and Newton Counties, Ark., to be known as the St. Joe and Witt Springs Road Improvement Distict. Road Acts of Ark. of 1919, vol. 2, p. 2211. Sec. 1 of the act describes the territory embraced in the district. It contains lands in both Searcy and Newton counties in the State of Arkansas.

Sec. 2 of the act provides that the district shall be a local improvement district under the terms of act 338 of the General Assembly of the State of Arkansas for the year 1915, entitled, "An act providing for the creation and establishing of road improvement districts for the purpose of building, constructing and maintaining the highways of the State of Arkansas." Said act was approved March 30, 1915, and is commonly known as the Alexander Road Law. Acts of 1915, p. 1400.

Sec. 3 names the commissioners and makes it their duty to improve the highways designated in the act.

Sec. 5 provides that said commissioners shall have the power to borrow money and issue negotiable bonds for the purpose of carrying out the work and to do all acts necessary for making the improvement in accordance with the provisions of said act 338.

The commissioners proceeded with the construction of the improvement as contemplated in the act.

The legality of the district was attacked by landowners of the district, and it was held void by a decree of the chancery court entered of record on July 2, 1920. The same holding was made in the chancery court in the present case, and no recovery was allowed on the certificate of indebtedness sued on.

It is first contended that the chancery court erred in holding that the act in question violates art. 5, sec. 23 of the Constitution of 1874, which provides that no law shall be revived, amended, or the provisions thereof extended, or conferred by its title only; but so much as is revived, amended, extended or conferred shall be reenacted and published at length.

The prohibition of the Constitution referred to is directed against the practice of amending or revising statutes by additions or other alterations which, without the presence of the original act, are usually unintelligible and misleading.

There is, however, a class of statutes known as reference statutes, which do not encroach upon this or any other constitutional provision. They are statutes in original form and in themselves complete; but refer to and by reference adopt pre-existing statutes. The two statutes are separate and distinct legislative enactments, each having its appropriate sphere.

But it is not necessary, in order to avoid a conflict with the section of the Constitution just referred to, to reenact a general law wherever it is necessary to resort to it to carry into effect the provisions of a special statute. In such cases the general statute is not made a part of the special statute. The right, power, or duty is given by the special statute; but the direction or enforcement thereof is made to conform to the method of procedure of the general statute.

As we have already seen, the act under consideration designates lands in both Newton and Searcy counties

·within the boundaries of the proposed road improvement district. It refers to the provisions of our general statute relative to the creation and establishment of road improvement districts to carry out its provisions. This general statute is known as the Alexander Road Law, and contains forty-four sections.

We need not set out the provisions of this act. It will be readily ascertained by reading it as a whole that its provisions in clear and unmistakable language show that it was the purpose of the framers of the act to confine the road improvement districts formed or constructed under it to the borders of a single county. It makes no provisions for improving roads where the lands to be taxed therefor are situated in more than one county.

In the present case the lands to be taxed to construct the improved road are situated in both Searcy and Newton counties, and on that account the road could not be constructed under the provisions of our general statute for the creation and establishment of road improvement districts known as the Alexander Road Law. Acts of 1915, p. 1400.

The case called for the application of the rule laid down in *Wood* v. *Willey,* 139 Ark. 586. In that case it was held that an act of the General Assembly of 1919 intending to create the Grady and Arkansas River Road Improvement District of Lincoln and Jefferson counties was void for the failure of the act to provide any machinery to assess against the betterment of the Jefferson County lands their proportionate share of the cost of the improvement. The special act under consideration provides that it shall be the duty of the commissioners to improve highways laid out heretofore or hereafter by the county court of Searcy County. It provides that vacancies shall be filled by appointment by the county court of Searcy County.

As we have said, it contemplates that the improvement shall be made in accordance with the provisions of the Alexander Road Law. It provides that the commis-

sioners shall cause an assessment of benefits to be made and the levy of the lands of the district for the taxes to be made in accordance with the method set forth in that act. No other method is provided in the act for constructing the improved road contemplated by the terms thereof, and it necessarily follows that the act is inoperative and void. This results, as we have already seen, because no authority is given by the special act to the county court of Searcy County to levy a tax on the lands included within the boundaries of the district in Newton County, and the provisions of the Alexander Road Law do not contemplate that the county courts of two counties shall act together in constructing an improved road under the provisions of that act.

The special act passed at the special session of the Legislature in 1920 for the purpose of confirming and validating the assessments under the original act creating the district could not affect the purpose for which it was intended. If act No. 597, passed at the regular session of the General Assembly of 1919, was inoperative and void, the Legislature in special session in 1920 could not give validity to a void act. In other words, if the original act attempting to create the improvement district was dead because it was inoperative, a subsequent act could not vitalize it or validate void assessments for road work attempted to be made under it. *State* v. *Little Rock, Mississippi River and Texas Rd. Co.*, 31 Ark. 701, and *Sembler* v. *Water & Light Imp. Dist.*, 109 Ark. 90.

It follows that the decree will be affirmed