GRADY DRAINAGE DISTRICT *v*. FREE.

Opinion delivered November 19, 1928.

A. J. Johnson, for appellant.

Brockman & Reid, for appellee.

HART, C. J., (after stating the facts). Grady Drainage District contains land both in Jefferson County and in Lincoln County, Arkansas. It was organized under §§ 3607-3655 of Crawford & Moses' Digest.

Section 3607 contains a clause that, if land in more than one county is embraced in a proposed drainage district, the application shall be made to the circuit court of either county, and all proceedings shall be had in such county. Hence the district was properly organized by the circuit court of Jefferson County.

Section 3607 was amended by § 1 of act 353 of the Acts of 1921. See General Acts of 1921, p. 388. The amendment provides that if lands in more than one county are embraced in the district, the application shall be addressed to the circuit court of the county in which the greater portion of the land lies, and all proceedings shall be had in such circuit court.

In *Indian Bayou Drainage District* v. *Dickie*, 177 Ark. 728, 7 S. W. (2d) 794, it was held that the commis-

sioners of a drainage district are empowered to preserve the district improvement without a petition from the landowners, if the necessary funds are available for that purpose. It was further held that, if it is proposed to do additional work, that is, work not contemplated by the original plans, it would be necessary to proceed by a petition of the landowners under act 203 of the Acts of 1927. See Acts of 1927, p. 680. Under § 3 of that act the commissioners are empowered to file plans for additional work when a petition has been filed with the county court, signed by a majority in numbers, acreage and value of the landowners within the district, praying that the work as provided in the plans shall proceed. Hence it is sought to uphold the action of the circuit court in sustaining a demurrer to the petition because it was not filed in the county court as directed by the act of 1927, under which the commissioners were proceeding to act.

We do not agree with counsel in this contention. The act of 1927 in question was passed in aid of drainage districts established under §§ 3607-3655 of Crawford & Moses' Digest. Under the original act the commissioners of drainage districts had no power to construct lateral ditches or to enlarge the original ditches unless they had funds for that purpose on hand. The object of the amendment was to confer upon the commissioners these additional powers.

The settled rule to be followed in the interpretation of an amendment is that the Legislature must be presumed to have had in mind existing statutes on the subject, and the courts will review and interpret the words used in the amending statute as they were used and interpreted in the statute existing at the time of the amendment. *McIntosh* v. *Little Rock*, 159 Ark. 607, 252 S. W. 605, and *American Woodenware Mfg. Co.* v. *Schorling*, 96 Ohio St. 305, 117 N. E. 366, Ann. Cas. 1918D, p. 318.

Now, § 3607 of the Digest contains a clause which says that whenever the words ''county court'' or

"county judge" are used in the act, they shall be construed to mean "circuit court" or "circuit judge," in cases where the district contains lands in more than one county. It will be presumed that the Legislature had this legal definition of the words "county court" in mind when it passed the act of 1927 in aid of drainage districts. It would be just as necessary to enlarge and add laterals to drainage districts situated in more than one county as it would be to perform such work where the drainage district was situated wholly within one county. Hence it must be presumed that the Legislature had in mind that, when a drainage district was situated in more than one county, the words "county court," as used in the amending act, should be given the meaning of "circuit court" as prescribed by § 3607 of the Digest.

In this view of the matter, the circuit court erred in holding that the proceedings should be had in the county court, or in the Jefferson Circuit Court, where the district was originally organized.

Section 3607 of the Digest was amended by the Acts of 1921, above referred to, so that, if lands in a drainage district are in more than one county, the application should be addressed to the circuit court in which the larger portion of the lands lie, and all proceedings shall be had in the same circuit court. Now, the matter in question was a proceeding within the contemplation of that amendment. The record shows that the larger body of lands in the district was situated in Lincoln County.

Hence the Lincoln Circuit Court had jurisdiction of the proceedings, and the court erred in not so holding; and the judgment will be reversed, and the cause will be remanded for further proceedings in accordance with law and not inconsistent with this opinion.