WINTON *v.* BARTLETT.

Opinion delivered April 28, 1930.

*W. E. Spence,* for appellants.

*Holifield & Upton* and *Harrison, Smith & Taylor,* for appellees:

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Clay County, Eastern District, First Division, sustaining a demurrer to a complaint filed therein by appellants and, upon their failure to plead further, dismissing same. It was alleged in their complaint that they were duly appointed and qualified commissioners of Central Clay Drainage District in said county, which was organized by special act 317 of the Acts of 1911, having been appointed thereto by orders of the county court of Clay County on April 21, 1929, and June 15, 1929, which appointments were authorized under the provisions of acts 227 of the Acts of 1927 and 256 of the Acts of 1929; and it was further alleged that appellees had usurped the offices of directors of said district and excluded appellants therefrom, and, without authority of law, were withholding from appellants the books, papers and other things pertaining to said district and wrongfully and without right or authority were excluding appellants from the office of directors of said Central Clay Drainage District and precluding each of them from performing his duties—with a prayer for judgment against appellees for the possession of said office and all books, papers and effects pertaining thereto.

Appellees, claiming to be directors of said district under the provisions of the act creating same and amendments thereto, passed by the General Assembly prior to said acts 227 of 1927 and 256 of 1929, filed a general demurrer to the complaint of appellant attacking the constitutionality of said acts 227 of 1927 and 256 of 1929.

The ground upon which appellees attack act 227 of the Acts of 1927 is that the act offends against article 5, § 23, of the Constitution of 1874, which provides that "No law shall be revived, amended, or provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended or conferred shall be re-enacted and published at length." Said act is not in conflict with said section of the Constitution, as same did not attempt to revive, amend or extend the provisions of the special act creating said drainage district, nor any other special act creating drainage districts in the State. The title thereof shows that it was intended to be and was an act in aid of drainage districts formed under special law and not an effort to amend or extend the provisions of any of them. The preamble thereto recites in so many words that under the restrictions of the Constitution it was impossible to amend special laws theretofore enacted by the Legislature. The act in question is a general law placing drainage districts, created by special acts with reference to procedure therein and thereafter under the terms of the general law as provided in act No. 279 of the Acts of 1909, as incorporated in Crawford & Moses' Digest in §§ 3607-56, inclusive. The act within itself was an independent complete act, and adopted by reference to the procedure outlined in general act number 279 of the Acts of 1909, among other things, empowered the county court or the county judge in vacation to appoint commissioners of any drainage district. The act comes within the class of statutes, known as reference statutes, which do not impinge upon the constitutional limitations contained in article 5, § 23, of the Constitution of 1874. *State* v. *McKinley,* 120 Ark. 165, 179 S. W. 181; *House* v. *Road District,* 154 Ark. 218, 242 S. W. 68.

Our attention is called to the latter clause in the proviso of § 1 of act 227 of the Acts of 1927 to the effect that commissioners and directors of special drainage districts in office at the time of the passage of the act should not be displaced. This, of course, could only mean that their offices could not be filled by an order of the county court until the expiration of their respective terms or until a vacancy occurred. The complaint in the instant case alleged that the appellees were usurpers of the district, and were acting without authority of law.

For the purpose of the instant case, it is unnecessary to pass upon the validity or invalidity of act 256 of the Acts of 1929 as the procedure for the appointment of commissioners in special drainage districts is the same under that act as under the provisions of act 227 of 1927, which we have ruled is not unconstitutional.

On account of the error indicated, the judgment is reversed, and the cause remanded with directions to overrule the demurrer to the complaint.