## PARK CORPORATION OF ARKANSAS v. TRI-COUNTY DRAINAGE DISTRICT.

5-959                                          290 S. W. 2d 18

Opinion delivered May 7, 1956.

*Norton & Norton,* for appellant.

*Henry S. Wilson* and *Rieves & Smith,* for appellee.

PAUL WARD, Associate Justice. Appellants, Park Corporation of Arkansas (a corporation), M. D. Parker, L. E. Burch, Jr., and Mrs. Lurlin F. Burch, are owners of real estate in St. Francis County. One appellee is the Tri-County Drainage District (hereafter referred to as Tri-County District) which was organized under the laws of this state about the year 1914 and embraces lands in Cross, Crittenden and St. Francis Counties, and another appellee is East St. Francis Drainage District No. 1 (hereafter referred to as District No. 1) which came into existence under the provisions of Act 371 of 1947 and embraces all the lands in St. Francis County which were originally in said Tri-County District.

Appellants brought this suit in the Chancery Court of St. Francis County seeking to have removed, as clouds upon their titles, certain assessments made by appellees against their lands, and to enjoin other similar assessments. The trial court sustained a demurrer to appellants' complaint, and this appeal follows.

The allegations in appellants' complaint can be better understood in the light of an understanding of the statutory background of the two appellee drainage districts. Appellants do not question [except as hereafter noted] the legality of the formation of the Tri-County District. As stated above this district included lands in the three counties mentioned above, and it was empowered to make assessments and construct a drainage system for the benefit of the three counties. The Tri-County District continued intact until about the year 1948, during which time a drainage system was established and paid for by assessments against the lands in the three counties. During all this time assessments were made and the affairs of the district were administered by the Circuit Court of Crittenden County.

In 1947 the Legislature passed Act 371 [now appear-ing in Ark. Stats. as Sections 21-577 to 21-582, inclusive]. It was under the provisions of this Act that District No. 1 came into existence, and the Act gave District No. 1 "the power to preserve the portion of the drainage sys-tem located in such [St. Francis] county as provided in Section 4481 et seq. of Pope's Digest. . . ." Said Sec-tion 4481 grants to the district the power "of preserving the same, of keeping the ditches clear from obstructions and of extending, widening or deepening the ditches from time to time. . . ." In Section 5 of said Act 371 [Ark. Stats. § 21-581] there is, however, a provision that the Circuit Court of Crittenden County shall have author-ity "to cause to be levied and collected a tax on all the lands of the original district for the purpose of paying the expenses incident to the cleaning out (but not for the purpose of extending, widening or deepening) existing ditches so as to provide an adequate outlet for the entire drainage system of the original district."

*Appellants' complaint.* The complaint filed herein is somewhat lengthy and involved, but it contains, in sub-stance, the following allegations: (a) The plaintiffs own lands in St. Francis County as stated above; (b) The appellee districts were organized as stated above, and the commissioners of said districts are made party defend-ants together with the county clerk and the collector of St. Francis County; (c) Tri-County District, under or-ders of the Crittenden County Circuit Court, and District No. 1, under orders of the County Court of St. Francis County, "both assert the right to make contracts for cleaning out and otherwise preserving" the identical ditches dug by Tri-County District, and have asserted the right "to levy and collect special maintenance taxes for such purposes"; (d) Tri-County District is now ap-plying to the Crittenden County Circuit Court "for a levy of taxes annually upon its purported assessment to be expended for the cleaning out and maintenance of the same ditches in St. Francis County together with other of the original ditches in Cross and Crittenden Coun-ties"; (e) One or the other of said assessments (if not

both) is void and of no legal effect, but constitutes a cloud upon the title to appellants' lands; (f) Tri-County District has no right to receive, handle or dispose of any taxes collected from lands in St. Francis County for the purposes mentioned; (g) The taxes collected by either of the drainage districts are expendable only for providing an adequate outlet for the drainage system as originally constructed, and the outlet for the entire system is in St. Francis County; (h) Tri-County District is about to enter into contracts for cleaning out and improving the outlet of the drainage system in St. Francis County; (i) The levies made by the Circuit Court of Crittenden County against the lands in St. Francis County are void because Crittenden County is in the Second Judicial Circuit of Arkansas and St. Francis County is in the First Judicial Circuit, and; (j) Appellants are entitled to an adjudication under the Declaratory Judgments Act. The prayer was: (a) That the clouds cast upon the titles to appellants' lands by said assessments, liens and levies be removed, and; (b) That the clerk and collector of St. Francis County be restrained from placing upon the tax books, or endeavoring to collect any tax or assessment upon their lands.

To the above complaint Tri-County District and its commissioners entered a demurrer on two grounds: (a) That there is another action now pending between the same parties in the Circuit Court of Crittenden County involving the same issues as raised by appellants, and; (b) That the complaint fails to state facts sufficient to constitute a cause of action. In sustaining appellees' demurrer the trial court did not specify upon which ground it based its decision. We have concluded, however, that the court's action was justified on the second ground mentioned above, and we will therefore not discuss the merits of the first ground.

As we interpret appellants' complaint, their main concern is that both districts are collecting [or attempting to collect] taxes on their lands in St. Francis County to clean out that portion of the drainage ditch in St.

Francis County, and that Tri-County District is collecting [or attempting to collect] taxes on their lands in St. Francis County to clean out portions of the original ditch which lies in Cross or Crittenden County. We have concluded that all of the above mentioned activities are permissible under the law.

Referring to the statutes mentioned above in their entirety and in particular to those portions above set forth, we find that the County Court of St. Francis County had the power to make assessments against appellants' lands [in St. Francis County] to preserve that portion of the drainage system located in St. Francis County, to preserve the same, *to keep the ditches clear from obstructions* and to extend, widen and deepen the ditches. The substance of appellants' complaint is, in this connection, that District No. 1 was preparing to make contracts and use the tax money to clean out that portion of the ditch or canal which ran through St. Francis County. It is clear to us therefore that appellants have not, thus far, alleged any grievance from which they are entitled to equitable relief. Likewise it appears from Section 5 of said Act 371 [Ark. Stats. § 21-581] that the Circuit Court of Crittenden County is empowered to levy and collect taxes on appellants' lands in St. Francis County "to clean out existing ditches so as to provide an adequate outlet for the entire drainage system of the original district." As we view appellants' complaint, this is exactly what they have alleged Tri-County District has done or is doing, because, in the absence of allegation to the contrary, we must assume that the words "existing ditches" embraces that portion of the main canal or ditch which runs through St. Francis County—in fact the complaint alleges this to be true. From the above we conclude therefore that both districts have a right to make assessments to clean out the main ditch or outlet in St. Francis County.

Not only do the two districts have the powers mentioned above but we conclude that the spirit if not the exact letter of the statute gives Tri-County District the

power to levy assessments against appellants' lands in St. Francis County [along with all of the other lands in the other two counties which are embraced in the district] to pay the expenses of "cleaning out" an obstruction or obstructions in the main ditch or canal even though said obstructions are in Cross or Crittenden County. Obviously Act 371 of 1947 grants the original district the power to keep the main ditch or canal in all three counties cleaned and opened so that the system will be serviceable for all three counties, while at the same time the Act [by reference to Section 4481 of Pope's Digest] gives District No. 1 the power [or option] to preserve and clean out that portion of the ditch in St. Francis County.

As we have heretofore noted, the two districts had the authority to make the levies complained of. Appellants' complaint makes mention of these levies by the Circuit Court of Crittenden County and the County Court of St. Francis County but does not state in what particular said levies are unlawful. In the absence of such allegations we must presume that the levies were made according to law. If, however, appellants had made allegations [which they have not clearly done] that the tax money [though lawfully assessed] was being used for an unlawful purpose, it would not follow that such assessments, lawfully made, are a cloud upon the titles to their lands. If either district makes an attempt to use the tax money for an unlawful purpose, appellants will then have an adequate remedy to prevent such attempted action. In this connection we point out that Tri-County District's power is limited, and that it has no right under the statutes to levy a tax on appellants' lands in St. Francis County for the purpose of digging additional ditches or for the purpose of preserving and cleaning out any existing ditches except the main ditch or canal which provides drainage for the entire district.

Appellants contend that assessments made by the Circuit Court of Crittenden County against their lands in St. Francis County are null and void, notwithstanding the provisions in Section 5 of said Act 371, because the

Circuit Court of Crittenden County could have no juris-
diction [to make assessments] outside its own judicial
district. This contention on the part of appellants can-
not be sustained. This court has heretofore recognized
that where several counties are included in an improve-
ment district it is necessary for the Circuit Court of one
county only to have jurisdiction for the purpose of ad-
ministering the affairs of the entire district. There is
no direct constitutional prohibition against such juris-
diction and justification lies in the fact that Circuit
Courts are the repository of all unassigned jurisdiction.
In the case of *Grassy Slough Drainage District No. 1* v.
*National Box Co.,* 111 Ark. 144, 163 S. W. 512, Chief Jus-
tice McCulloch, among other things, said: "The Cir-
cuit Courts of the state being the repository of all un-
assigned jurisdiction, it is within the power of the legis-
lature to confer on them jurisdiction to determine ques-
tions relating to the organization of districts not local to
a county." Later, in the case of *Russell, et al.* v. *Cockrill,*
Judge, 211 Ark. 123, 199 S. W. 2d 584, the court quoted
with approval: " 'The Constitution prescribes, limits,
and defines, with more or less accuracy, the jurisdiction
to be exercised by all of the courts except the Circuit
Courts, and instead of attempting to define their juris-
diction (other than appellate) leaves to them the great
residuum of civil and criminal jurisdiction not distrib-
uted exclusively to other courts.' " The case of *Lesser-
Goldman Cotton Co., et al.* v. *Cache River Drainage Dis-
trict, et al.,* 174 Ark. 160, 294 S. W. 711, involved a drain-
age district composed of portions of Craighead, Jackson
and Lawrence Counties [the former county being in one
judicial circuit and the latter two in another]. The drain-
age district was organized under an act of the legislature
by an order of the Circuit Court of Craighead County.
In that case litigation came to this court over an attempt
to extend the district to Poinsett County and this court
said: "The land of the district being in more than one
county, the proceedings must necessarily be before the
circuit court, as the statute provides, which procedure
was followed in this case." Appellee, Tri-County Dis-

trict, was also the appellee in the case of *Dickerson* v. *Tri-County Drainage District, et al.,* 138 Ark. 471, 212 S. W. 334, and the court, among other things, there said: "The statute now under consideration confers jurisdiction on the circuit court where the lands are situated in several counties, and we have upheld the statute in that respect." [Citing *Grassy Slough District,* supra]. A careful reading of the *Dickerson* case, supra, shows that it was necessary for the court, in reaching the conclusion it did, to pass upon the power of the Circuit Court of Crittenden County to organize the district embracing lands in two separate judicial circuits, and its authority to make assessments in all of the counties.

In appellants' complaint, but not in their prayer, they seek an adjudication under the Declaratory Judgments Act. By this, apparently, appellants' objective was to have the court declare which assessment lien, if valid, was prior to the other, but this question has heretofore been considered by this court. See *Board of Commissioners of McKinney Bayou Drainage District* v. *Board of Directors of Garland Levee District,* 181 Ark. 898, 28 S. W. 2d 721; *Howe* v. *Long Prairie Levee District,* 187 Ark. 725, 62 S. W. 2d 10; *Sanders* v. *Mhoon,* 214 Ark. 589, 217 S. W. 2d 349; and *Street Improvement District No. 419* v. *Pinkert,* 221 Ark. 265, 253 S. W. 2d 780.

It follows, in view of what we have heretofore said, that the judgment of the trial court must be, and it is hereby, affirmed.

Affirmed.

Chief Justice SEAMSTER and Justice McFADDIN dissent.

ED. F. McFADDIN, Associate Justice, dissenting. The appellants filed this suit and the appellees demurred; the trial court sustained the demurrer and dismissed the suit when the appellants elected to stand on the complaint:

so the case comes to us on the issue of the sufficiency of the complaint to state a cause of action.[1]

I am of the opinion that, when we give the allegations in the complaint the broad and liberal interpretation to which they are entitled, there was enough alleged in the complaint to state a cause of action and that the demurrer should have been over-ruled. That we do give the allegations in the complaint a broad and liberal interpretation when testing their sufficiency against a demurrer, is well recognized. In *Rice* v. *King*, 214 Ark. 813, 218 S. W. 2d 91, Mr. Justice Frank G. Smith stated the rule:

"The sufficiency of this pleading is being tested on demurrer and it was said in the case of *Sharp* v. *Drainage Dist. No. 7*, 164 Ark. 306, 261 S. W. 923, that under our code every reasonable intendment and presumption is to be indulged in favor of the pleading and a complaint will not be set aside upon demurrer unless it be so fatally defective that taking all the facts admitted the court can say that they furnish no cause of action[2] whatever."

This suit presents important questions in the field of improvement district law, and is the first time that Act 371 of 1947 has been before this Court. That Act was an effort to localize to the County level the upkeep of access ditches in multi-county districts; but the Act recognized the necessity of the continuation of the original multi-county district for the upkeep of the main ditches or outlet of the district. To clarify as to terminology: the small ditches leading into the main ditch can be referred

---

[1] I thoroughly agree with the majority that the other point of the demurrer—pendency of another action—is without merit. In the case of *Kastor* v. *Elliott*, 77 Ark. 148, 91 S. W. 8, we held that it is only when the complaint shows *on its face* the fact of another pending action, that the matter may be raised by demurrer. The complaint in this case does not show such fact on its face and, if the appellees wanted to make a defense that there was another pending case, they would have had to introduce proof and that would have precluded the demurrer.

[2] For other cases to the same effect see *Story* v. *Cheatham*, 217 Ark. 193, 229 S. W. 2d 121; *Ferrell* v. *Elkins*, 159 Ark. 31, 251 S. W. 380; *Cox* v. *Smith*, 93 Ark. 371, 125 S. W. 437; and *Cazort* v. *Dunbar*, 91 Ark. 400, 121 S. W. 270.

**to as** *access ditches,* and the main ditch leading to the outlet of the district is called either the *main ditch* or the *outlet ditch.* In the case at bar, the question, whether the ditches involved were outlet ditches or access ditches, seems to me to have been a matter that should have been developed by the evidence.

The Tri-County District was organized by the Circuit Court of Crittenden County in or about 1915 and is composed of territory in Cross, Crittenden and St. Francis Counties. In 1948 the East St. Francis Drainage District No. 1 was created (and will be referred to herein as the "St. Francis District"). This St. Francis District was created pursuant to Act 371 of 1947. The complaint in this case alleges that the Tri-County District is proceeding to collect benefits on the lands in St. Francis County based on the old 1915 assessment of benefits; and that the St. Francis District is attempting to collect benefits on the same lands in St. Francis County based on the 1948 assessment of benefits.

As I understand the law, the St. Francis District can collect assessment of benefits for the purpose of keeping up the access ditches in St. Francis County, and the Tri-County District can collect benefits on the lands in St. Francis County only for the purpose of keeping up the main ditches or outlet ditches of the Tri-County District. In other words, the benefits collected on the St. Francis County lands under the 1915 assessment cannot be used—since 1948—for the purpose of cleaning out or keeping up any of the access ditches in Cross County or Crittenden County.

With the above understanding, I come to the allegations in the complaint; and I think these allegations were broad enough to allege that the Tri-County District was seeking to collect benefits from the lands in St. Francis County on the 1915 assessment for the use of cleaning out the keeping up the access ditches in Cross County and Crittenden County. Here are the allegations in the complaint:

"13. Plaintiffs allege that the Defendant East St. Francis Drainage District No. One is now collecting taxes each year upon its purported Assessment as above described, and the Defendant, Tri-County Drainage District, is now applying to the Crittenden County Circuit Court for a levy of taxes annually upon its purported Assessment to be expended for the cleaning out and maintenance of the same ditches in St. Francis County together with other of the original ditches in Cross and Crittenden Counties . . .

"14. (f) That any such taxes collected or to be collected by the Defendant Districts, or either of them, are expendable only for the improvement and maintenance of the drainage ditches in St. Francis County, and may not be lawfully diverted to the improvement or maintenance of the ditches of Tri-County Drainage District in Crittenden County or Cross County; and

"(g) That under Act 371 of 1947, being Sections 21-577 to 21-582 inclusive ASA 1947, taxes collected upon levies made or to be made in the name of Tri-County Drainage District are expendable only for providing an adequate outlet for the drainage system originally constructed by the said Tri-County Drainage District, and the outlet for the entire said drainage system has always been and is now in St. Francis County and in the area now constituting the separate District of East St. Francis Drainage District No. One; . . ."

As I read the majority opinion, it holds that the foregoing allegations do not state that the moneys collected on the lands in St. Francis County were to be used in cleaning out the access ditches in Cross County and Crittenden County. So we all seem to agree that the Tri-County District cannot collect benefits on the lands in St. Francis County for use in cleaning out or maintaining the access ditches in Cross County or Crittenden County.

The question is whether the allegations in the complaint stated a cause of action. I think they did when

given a broad and liberal interpretation; and, therefore, I dissent from the affirmance. This is an important case and the facts should have been developed once and for all to prevent a multiplicity of litigation.