MEADOR *v.* WARRINGTON.

5-1395 307 S. W. 2d 75

Opinion delivered November 25, 1957.

*Pat H. Mullis* and *Lloyd B. McCain,* for appellant.

*Smith & Smith* and *Brockman & Brockman,* for appellee.

GEORGE ROSE SMITH, J. In this dispute over the office of commissioner of the Cypress Creek Drainage District the main issue is whether the office is appointive or elective. The appellee Warrington is the incumbent, having served as a member of the board of commissioners since 1916. He contends that the office, although originally elective, was changed to an appoin-

tive position by Act 227 of 1927, which made the general drainage district law applicable to districts created by special acts. Ark. Stats. 1947, § 21-568. On this premise Warrington chose not to qualify as a candidate for the office in the general election of November, 1956, and the appellant Meador was apparently elected to the position without opposition. Warrington refused to surrender the office and promptly filed this action for a declaratory judgment in the matter. The trial court decided the issues in Warrington's favor, holding that the position is now appointive and that Warrington is "the duly appointed, qualified, and acting commissioner" of the district.

On the principal issue the circuit court correctly held that the 1927 act requires the office to be filled by appointment. This district was created by Act 110 of 1911, which provided an elective six-year term of office for the commissioners. But the 1927 statute brings all drainage districts under the general law, and that law requires the commissioners to be appointed by the circuit court when, as here, the district embraces land in more than one county. Ark. Stats., §§ 21-505 and 21-501. The appointment is for a term of indefinite duration, there being a provision empowering the court to remove a commissioner for incompetency or neglect of duty, after notice and a hearing. Ark. Stats., § 21-523.

We have held that the 1927 act was intended to provide a uniform system of drainage law. *Berry* v. *Cousart Bayou Dr. Dist.*, 181 Ark. 974, 28 S. W. 2d 1060. In a case that touches closely upon this one it was said that a proviso in the 1927 act, to the effect that the act should not have the effect of displacing any commissioners then in office, meant only that the offices could not be filled by appointment until the expiration of the terms of office then in effect. *Winton* v. *Bartlett,* 181 Ark. 669, 27 S. W. 2d 100. This statement plainly implies that, conversely, the appointive provisions of the general law became effective after the expiration of the terms that were in existence in 1927. It follows that

the elective term of office contemplated by the special act creating this district has been superseded by the appointive power granted under the general drainage law.

We think, however, that the circuit court went too far in declaring in substance that Warrington holds the office as a *de jure* commissioner by appointment. It does not appear to have been realized by anyone connected with this district that the 1927 act changed the office of commissioner from an elective position to an appointive one. Warrington was re-elected after the effective date of the 1927 statute, and it was not until 1937 that he was appointed to the office by an order of the circuit court. It is not shown that Warrington complied with the general drainage law by taking within thirty days the detailed oath of office that the general law requires. After 1940 Warrington was again elected to six-year terms of office under the provisions of Act 125 of 1939, but the parties tacitly concede that this act was invalid, being a local act applying only to the Cypress Creek Drainage District. Ark. Const., Amendment 14. Warrington did take the prescribed oath of office on January 2, 1951, but this action was apparently taken because he had been elected to a six-year term in 1950. In these circumstances the filing of an oath almost fourteen years after the appointment did not change his status to that of a *de jure* commissioner by appointment. See *Stiewel* v. *Fencing Dist. No.* 6, 71 Ark. 17, 70 S. W. 308, 71 S. W. 247, and *Boyett* v. *Cowling*, 78 Ark. 494, 94 S. W. 682.

In holding that Warrington is not a *de jure* officer by appointment we do not intimate that his official acts over a period of years are for that reason open to question. We need not say whether he is a *de facto* commissioner, for in any event, as pointed out in the *Boyett* case, *supra*, he is entitled to the office on the basis that he holds over from his last valid elected term until a successor is appointed and qualified. This is not a proceeding under the statute for Warrington's removal, and we do not think it was the circuit court's duty, in this type of proceeding, to declare the office

vacant. As we have said, however, the record does not support the finding that Warrington is the duly appointed, qualified, and acting commissioner, for, although duly appointed, he failed to file the required oath in a time and manner amounting to a compliance with the statute.

With the indicated modification the judgment is affirmed.

WARD, J., dissents in part.