The Honorable Robert S. Moore, Jr. State Representative Post Office Box 446 Arkansas City, Arkansas 71630-0446
Dear Representative Moore:
I am writing in response to your request for an opinion on the levy of assessments in a multi-county drainage improvement district. Your question in this regard is whether a multi-county drainage district must "obtain a taxing Order from each circuit court in the district, or [whether it] may . . . simply obtain a taxing Order from one of the circuit courts in the district." You have enclosed with your request correspondence you received from a local lawyer providing additional information concerning the "Cypress Creek Drainage District." He states in pertinent part as follows:
 Cypress Creek Drainage District (hereinafter referred to as "CCDD") is an improvement district that was created by a special act of the legislature in the year 1911 (See Special Acts of the Legislature No. 110 and No. 455 of 1911.)[1] CCDD is a multi-county district that is comprised of land in Chicot, Desha and Lincoln Counties.[2] *Page 2 
After the CCDD was created, the voters of Arkansas passed Amendment 14 to the Arkansas Constitution.[3] While Amendment 14 did not directly affect the CCDD, it did preclude any subsequent amendment or change to the 1911 Special Act. This apparently created problems for drainage districts created by special legislation and, as a result, the legislature passed Act 227 of 1927 [now A.C.A § 14-121-208], which provided that "all drainage districts created by special acts are hereby made drainage districts under the term [sic] Act No. 279 of the Acts of the General Assembly of the State of Arkansas of the year 1909, as amended. . . ."
 Thus, as a result of Act 229 [sic 227] of 1927, the CCDD may now utilize the powers and procedures set forth in either the original 1911 acts, which created the CCDD, or those set forth in Act 279 of 1909.[4] Act 279 of 1909 is commonly know as the Alternative System Drainage Law and it is now codified as A.C.A. § 14-121-101
et seq.[5]
 In order to have a valid special improvement district tax, the tax must be levied by the proper local authority. See Price v. Drainage District No. 17, 302 Ark. 64, 787 S.W.2d 660
(1990).
 According to a 1990 Arkansas Supreme Court case, the CCDD has the option of either following the tax levy procedure set forth in the original legislation that created the CCDD (Acts 110 and 455 of 1911),[6] or the tax levy procedure set forth in the *Page 3 
Alternative System Drainage Law. See Price v. Drainage District No. 17, supra.
 Pursuant to A.C.A. § 14-121-412, CCDD elected, by a 2006 Resolution, to levy a flat tax per acre, and thereafter, has applied to the circuit courts for the levying of this flat tax per acre. This procedure has been followed in levying the drainage taxes for the years of 2006 and 2007. However, since CCDD is comprised of lands lying in Chicot, Desha and Lincoln Counties, it has been obtaining an Order from the circuit courts of all three (3) of the aforementioned counties, thus making it more costly and more time-consuming.
 Accordingly, CCDD would like an opinion on the tax levy procedure authorized by A.C.A. § 14-121-412. The issue is whether a multi-county drainage district is required to obtain an Order from a circuit judge sitting in each county or whether it is sufficient to obtain an Order in only one (1) of the counties that make up the multi-county district.
RESPONSE
In my opinion, it is sufficient for a specially-created multi-county district seeking the levy of "additional taxes" under A.C.A. §14-121-412 to apply to the circuit court in which the largest portion of the lands of the district lie.
The question above is premised upon the use of A.C.A. § 14-121-412 as authority for the levy of the taxes in question. That statute provides in pertinent part as follows:
 14-121-412. District continuance — Additional levy.
 (a) The district shall not cease to exist upon the completion of its drainage system but shall continue to exist for the purpose of preserving the system, of keeping the ditches clear from *Page 4 
obstruction, and of extending, widening, or deepening the ditches from time to time as may be found advantageous to the district.[7]
 (b)(1)(A) To this end, the commissioners may, from time to time, apply to the county court for the levying of additional taxes.
 (B) The taxes may be levied as a flat tax per acre.
 (2)(A) Upon the filing of the petition, notice shall be published by the clerk for two (2) weeks in a newspaper published in each of the counties in which the district embraces land.
 (B) Any property owner seeking to resist the additional levy may appear at the next regular, special, or adjourned term of the county court or adjourned day of the court and urge his objections thereto.
 (C) Either the property owners or the commissioners may appeal from the finding of the county court.
The statute above states that the district may apply to the "county court" for the levy of additional taxes. The definitional section ofAct 279 of 1909, however, (A.C.A. § 14-121-101), provides in subsection (b), as follows:
 Whenever the words "county court" or "county judge" are used in this act, they shall be construed to mean "circuit court" or "circuit judge," and the words "county clerk" shall mean "circuit clerk" in cases where the district contains lands in more than one (1) county."
Thus, for multi-county districts, the application for additional taxes is made to the circuit court, not the "county court."[8] Your question, however, is to which *Page 5 
county's circuit court the application is made in a multi-county drainage district. This question is in turn governed by subsection (a) of A.C.A. § 14-121-203, another provision of Act 279 of 1909, as amended, which provides in pertinent part as follows:
 14-121-203. Land in more than one county.
 (a) If land in more than one (1) county is embraced in the proposed district, the application shall be addressed to the circuit court in which the largest portion of the lands lie, and all proceedings shall be had in the circuit court.
(Emphasis added).
It is clear, in my opinion, that this provision controls jurisdiction not only of an original application to create a drainage district, but to all further proceedings utilizing Act 279 of 1909, including tax applications under A.C.A. § 14-121-412. Additionally, in my opinion, this statute governs both districts created under general laws, and districts originally created under special acts, which later utilize the provisions of Act 279 of 1909. In my opinion these conclusions are clear from the legislative history of the three acts constituting A.C.A. § 14-121-203(a) and Arkansas case law. See Acts 1909, No. 279, § 1 (originally authorizing a petition for creation of a drainage district to be filed in the county court, but providing that "[i]f the district embraced land in more than one county, the further proceedings shall take place in the Circuit Court of the county in which the largest portion of the lands lie . . .") (emphasis added); Acts 1911, No. 211, § 1 (amending Act 279 of 1909 to provide that: "If land in more than one county is embraced in the proposed district the application shall be addressed to the circuit court of either county, and all proceedingsshall be had in such circuit court") (emphasis added); and Acts 1921, No. 353, § 1 (amending both prior Acts to provide that: "If land in more than one county is embraced in the proposed district the application shall be addressed to the circuit court in which the largest portion of the lands lie, and all proceedings shall be had in such circuitcourt") (emphasis added). See also, Park Corp. of Arkansas v. Tri-CountyDrainage District, 226 Ark. 357, 290 S.W.2d 18 (1956) ("This court has heretofore recognized that where several counties are included in an improvement district it is necessary for the Circuit Court of one county only to have jurisdiction for the purpose of administering the affairs of the entire district"). Beaver Bayou Drainage District v.Lee-Phillips, 221 Ark. 550, *Page 6 254 S.W.2d 465 (1953) (". . . the petition [under A.C.A. § 14-121-412] is correctly filed in the circuit court when, as here, the petitioning district embraces land in more than one county. . ."); Grady DrainageDistrict v. Free, 178 Ark. 346, 10 S.W.2d 854 (1928) (circuit court in which largest portion of the lands of the district lie had jurisdiction of proceedings for assessment of benefits under Act 203 of 1927 to widen and dig lateral ditches, even though Act 203 of 1927 mentioned only the "county court"); and Grassy Slough Drainage District No. 1 v. NationalBox Company, 111 Ark. 144, 163 S.W. 512 (1914) (holding, underAct 211 of 1991, that "whenever, at any stage of the proceedings, whether organizing a new district or changing an old one, in case the lands are situated in more than one county, the words "circuit court" shall be substituted in the statute for the words "county court").
In my opinion, therefore, to the extent that the CCDD has opted to utilize the provisions of Act 279 of 1909, as amended, jurisdiction over an A.C.A. § 14-121-412 "additional taxes" action is vested in the circuit court in which the largest portion of the lands in the district lie.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] See also, Acts 1915, No. 80, amending both of the aforementioned Acts.
[2] I assume that the composition of the district changed at some time after the passage of Act 80 of 1915, which mentions land located in Chicot, Desha and Drew Counties.
[3] Arkansas Constitution, Amendment 14 provides: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."
[4] This is true unless the powers granted by the special act are inconsistent with, or in conflict with the general law. See, e.g.,Meador v. Warrington, 228 Ark. 297, 307 S.W.2d 75 (1957) and Berry v.Cousart Bayou Drainage District, 181 Ark. 974, 28 S.W.2d 1060
(1930).
[5] This Act is also sometimes referred to as the "Turner Act."See Grassy Slough Drainage District No. 1 v. National Box Company,111 Ark. 144, 163 S.W. 512 (1914).
[6] See also, Acts 1915, No. 80 and n. 1, supra.
[7] I assume that the tax to which you refer is to be levied solely for the purposes listed in A.C.A. §§ 14-121-412. More extensive improvements require additional procedural hurdles. See, e.g., IndianBayou Drainage District v. Dickie, 177 Ark. 728, 7 S.W.2d 794
(1928).
[8] As reiterated most recently in Op. Att'y Gen. 2007-009, the "county court" is "presided over by one judge, the `county judge,' who, when so presiding, acts in a judicial, rather than an executive capacity. See Arkansas Constitution, art. 7, § 28 and A.C.A. §14-14-1105(a). . . ."